Ruffin, Chief Justice,
 

 after stating the case as above, proceeded: — It may be true, that a cause cannot be removed for trial before it is at issue; since the object of removal is to have an impartial jury, and before an issue of fact, it cannot be known that the trial will be by a jury. It is certainly true, that after a cause has been removed from one Court to another, and is well constituted in the latter, there can be no further proceedings in the former. The jurisdiction cannot exist in both ; and that or the Court to which it is removed attaches, and necessarily ousts that of the Court which had it originally.
 
 Murry
 
 v.
 
 Smith,
 
 1 Hawks, 41. The question is, when did the jurisdiction of the Court of Chatham attach. If the first order of removal of February, 1834, was made before plea, and therefore was premature, it was inoperative, and did not transfer the jurisdiction, but the cause remained in Moore. For while both Courts cannot have the jurisdiction at the same time, much less the cause itself before them, it must, nevertheless, be in one of them. It continues where it began, until it is effectually gained by the other. The order of removal, if improper, and the filing of the transcript, docs not create the jurisdiction; and the trial must still be had in the first county.
 
 State
 
 v.
 
 Poll and Lavinia,
 
 1 Hawks, 442. The obligation of ° the Court in which the indictment was found, to try it, does not depend upon the cause being sent back to it; for there is no power thus to remit it. It was never removed, If this be true, the plea, if made and entered at August, 1834, in Moore, was then and there properly demandable; and the removal to Chatham was by force of the new order of that term, and not that of the preceding term. Under that order, the transcript of the 17th September was filed; which sets out the plea and both orders of removal, and thus answers both of the two first reasons in arrest of judgment.
 

 
 *380
 
 But the Court is not disposed to put the case on that r 1 ground. It is probably not the truth. The last transcript states the plea at February, 1834, and an order at that term for removal. In that state of the case, the subsequent proceedings in Moore, at August, 1834, were
 
 coram non judice,
 
 for the reasons already given; the cause was in Chatham Court.
 

 It is, however, insisted, and the case states it as a fact, that the plea was not entered at February, but at August,
 
 nunc pro tunc;
 
 and, supposing that the removal may be before issue joined, it is then contended, that the Court of Moore could not make such an order, and, consequently, that the prisoner has never yet pleaded.
 

 The first observation upon these positions, is, that a fact is assumed in them, which is inadmissible. The record from Moore does not state an amendment, nor an order for its being made
 
 nunc pro tunc.
 
 The plea purports, as therein stated, to have been in fact pleaded at February, 1834, and to have been in fact recorded then. An exception, or the case stated for an appeal to this Court, is here taken to be absolutely true as to all matters which occur on the trial, or purport to have been acted in the Court from which the appeal comes. But here the fact is stated as having occurred in another Court. That can appear by the record of that other Court only. It necessarily forms a part of the transcript sent here; and it does not show the fact, but the contrary. The record was conclusive upon the Superior Court,
 
 as to its contents,
 
 as it is also upon this Court. A statement of the proceedings of Moore Court inconsistent with, or not supported by those contents, cannot control them. Such a statement is altogether useless in a ease of this sort; for on a motion in arrest of judgment, we cannot travel out of the record, technically speaking. The order for the amendment, if made, was not sent to Chatham as part of the record, and no 0ther evidence was competent to establish it.
 
 Reid
 
 v.
 
 Kelly,
 
 1 Dev. Rep. 313.
 

 But the court is clearly of opinion, if the cause were well constituted in Chatham by the first order of removal, (made before the plea was recorded,) and if the order for
 
 *381
 
 the amendment, as well as the amendment itself, had been inserted in the record and sent forward in a new transcript, that yet the trial in Chatham would be proper, and the record, with those additions, would have been sufficient. It is true that, after a cause has been transferred from one court to another, whether by appeal or change of venue, the court from which it has gone cannot proceed further in it. Whatever
 
 purports
 
 to be
 
 posterior
 
 to the loss of jurisdiction is, therefore, erroneous, and probably void. But the principle extends no further. When the action of the court is not a subsequent adjudication, nor, any thing preparatory to an adjudication to be had in that court, but relates to what was done in the cause while in that court, there is a plain difference. No usurpation of authority then appears. The act purports to have been done while the court had jurisdiction; and as to the point of fact, the statement cannot be questioned by any other court. Every court is the exclusive judge of its own records, and is competent to make them speak the truth as to its own proceedings. Hence it is the constant course that orders for amendments by the inferior court are allowed after appeal or writ of error, and the transcript in the the superior court made conformable. Tidd’s Practice, 770.
 
 State
 
 v.
 
 Cherry,
 
 2 Dev. Rep. 550.
 
 Ballard
 
 v.
 
 Carr,
 
 4 Dev. Rep. 575. Such amendments
 
 nunc pro tunc
 
 are not open to inquiry in another court, either as to their propriety, or as to the periods at which they are made.
 
 Mellish
 
 v.
 
 Richardson
 
 in the House of Lords, 9 Bing. Rep. 125.
 
 Bright
 
 v.
 
 Sugg,
 
 4 Dev. Rep. 492. They are supposed to speak the truth, and to make the record what it was intended it should be. Where the amendment is to supply an omission of the officer, it is, of course, upon satisfying the court that there has been an omission. Justice would be defeated without it. If a prisoner plead
 
 ore tenus,
 
 and the clerk fail to record it before the jury be sworn or render their verdict, surely the court may have the record completed. So of the case before us. The matter said to be inserted purports to be a proceeding in the cause, before any order of removal. It cannot be supposed that the court would have inserted the statement
 
 *382
 
 in the record, if the prisoner did not plead at February. But it must be supposed that he did, and that the officer neglected to record it; and therefore the court afterwards did it in conformity with the truth.
 

 The last reason is founded on the amendment, as it is called, that was made in Chatham. That is not an amendment of the record in any sense of the term; but a mere correction of the transcript, so as to make it a copy of the record of the court of Moore. It is the duty of the court to use all the means in its power to get the transcript perfect; that is, a true copy; and not to allow either party to suffer from its inaccuracy. When the statute authorises a trial on a transcript, it is presumed that the clerk will give the tenor of the record. But he may not; and if either party, upon affidavit or otherwise, to the satisfaction of the court, suggests a diminution, the case is not allowed to proceed further until it be ascertained that what is before the court professing to be a transcript is really so. That is usually done by a
 
 certiorari,
 
 which recites the diminution and commands the officer to certify a full and perfect transcript. A second transcript will be satisfactory, if not objected to by either
 
 party; for
 
 it is then presumed to set out the whole. It is no cause of complaint, that the transcript was made out from the proceedings
 
 in paper,
 
 instead of taking it from the
 
 roll,
 
 provided there be no omission in the transcript; and it contains no more than the record itself does. The want of truth is the only suggestion that can authorise the court to require another transcript or the alteration of that before sent. If that suggestion be made a second time, or oftener, and the court sees reason to think the transcript defective, it may order other writs of
 
 certiorari
 
 to issue; but whenever a transcript shall be returned, to the truth of which there is no objection on either side, the court must deem that a correct one, and proceed on it accordingly. Instead of issuing a
 
 certiorari,
 
 the court may in extraordinary cases require the officer to bring the original record into court, and have the transcript taken therefrom, or the former one corrected. It is not seen that it is indispensable to do so in any case but that in which two transcripts
 
 *383
 
 have already been filed, which are
 
 contradictory
 
 to each other, and the parties still dispute which is correct. As the court cannot determine that point but by reference to the original, it must be resorted to. But this is unnecessary where the one transcript is not contradictory, but only more full than the other, and supplies its omissions; or where there is no suggestion that the one, which purports to be more compléte, is still defective, or in any respect untrue.
 
 State
 
 v.
 
 Collins,
 
 3 Dev. Rep. 117. The inquiry in such a case is not into the propriety of acts of the court from which the record comes; but whether the officer of that court has truly stated in his copy those acts. The defects alleged may be supplied by sending a new transcript, or by insertions in that before sent. If in the latter way, it is not the act of the court, by way of amendment, any more than in the former. It is, in each case, the act of the officer under the mandate of the writ for a full transcript.
 

 It is supposed that the objection refers to an addition allowed to be made to the transcript of the 11th March, 1834, (which did not set out the plea,) under the idea that the cause was effectually removed by the order of February; for the second one, of the 17th September, did contain the whole proceedings.
 
 For
 
 the reason before given, the latter transcript might have been proceeded on, so far as it professes to be the record of the proceedings-before the order of removal. But there could be no reason why the same matter should not be inserted in the previous transcript. There was no further suggestion of diminution; no contradiction between the transcripts; no application of the prisoner either before or after conviction for the original record, as being necessary to correct actual errors in the transcript. The objection was, that the clerk could not be allowed the aid of that part of the memorial kept by him, which contained the omitted matter, to make his copy true- — admitting at the same time that thereby he did make it true. The court deems it altogether untenable; and is of opinion that there is enough in the record to warrant judgment for the state;
 
 *384
 
 which must be certified accordingly, that the Superior Court may proceed to render it.
 

 Per Curiam. Judgment reversed.