T. H. WHITESIDES, ADMINISTRATOR OF J. H. WHITESIDES *v.* J. O. WILLIAMS.

T. H. WHITESIDES, *et al*, Administrators of J. H. WHITESIDES *vs.* J. O. WILLIAMS, *et al.*

1. Where it appears to this Court that the Judge below, has, from the statement of the appellant, the objections of the appellee and his own notes, been enabled to make out a case containing the substantial merits of the controversy, the appeal will not be dismissed, although there was great irregularity in the proceeding below.

2. Nor will the appeal be dismissed, because the statement of the Judge below, (Judge Henry) was made out of the District in which the suit was tried (9th,) unless the record shows that the appellee demanded to be present, and that by reason of his absence, he was prejudiced, especially when the error consists in the rejection of material and competent evidence.

3. This Court is disposed to extend liberality in matters of appeal-practice, as the profession have not yet become familiar with the new system.

4. If, at a sale of a vested remainder in slaves, a proclamation is made, that if the purchaser did not get the slaves, they were not to be paid for, it is competent and relevant on a trial in an action on the note given by the purchaser, for the vendor to show, that his title to such remainder was a good one at the time of the sale by the purchase of outstanding interests, or otherwise, notwithstanding that the *slaves* themselves were emancipated before the life-estate fell in.

5. At such a sale, (August 1861,) it is evident that the parties did not contemplate emancipation, nor act or talk with reference to such a result; and this is clearly manifested by the terms of the bill of sale thereat, which embraced the contract between the parties, and which is in these words : Received of J. O. W., by note, $1,620, his bid for the interest of J. H. W., dec'd, in two negroes, * * * * * * * * * * we warrant the title of said negroes, *as to the interest expressed*, unless recovered from the estate of J. H. W. by M. H. W., who forbid the interest mentioned to be sold, and in case said recovery is made by the said M. H. W., *then* the note of the said J. O. W., shall not be recoverable.

6. If the legal title to such remainder was in the intestate at his death, it passed by the sale to the purchaser, and he is bound for the purchase-money.

The cases of *Knight* v. *Leak*, 2 *Dev. and Bat.*, 133, and *Woodfin* v. *Sluder*, *Phil. L.* 200, cited and approved.

This was an action of debt commenced under the old system, and tried before Henry, Judge, at the Special Term in February, 1870, of Rutherford Superior Court.

The plaintiff declared on a single bill for the payment of $1,620, dated August 13th, 1861, payable six months after date, with interest from date. The execution of the note was admitted. There was evidence offered by defendants that an announcement was made by the plaintiffs, at the sale, to the effect, that they would offer the property, (interest in remainder,) and that if the purchaser never got property, he would not be required to pay for it; there was also evidence, that there was a dispute about the title to the *remainder*, it being, or having been, theretofore claimed by one M. H. Whitesides, and that Judge Logan appeared at the sale, and informed the crowd, "that there was a claim by each" meaning plaintiff's intestate, and M. H. Whitesides' and that if "the title turned out to be in M. H., the purchaser could go on J. H.'s estate, if in J. H., no difficulty."

It was further in evidence, that at the time of the sale, the life-owner, was an old lady, who is yet living, that it was a likely family of slaves, and that they brought a fair price.

The plaintiffs then offered to prove that M. H. Whitesides, at the time of the sale, had no title whatsover to the negroes sold, having transferred all his interest to the plaintiff's intestate, and that his interest had been sold under execution, and been purchased by plaintiff's intestate. This evidence was objected to and excluded by the Court.

Plaintiffs also offered to show, that said M. H. Whitesides had abandoned all idea of recovering the negroes, and was seeking to recover the price of plaintiff's intestate, and that he had filed a bill in equity for that purpose. This evidence was also excluded by the Court.

Verdict for defendants. Judgment, and appeal by plaintiffs. The counsel not agreeing, on application, His Honor Judge Henry, made up the case at Asheville. The facts on this point are sufficiently stated in the opinion of the Court.

*Shipp* (with whom was *W. H. Bailey*) for the appellants.
*Bynum* for the appellees.

DICK, J. The counsel for the defence moved in this Court, to dismiss the appeal upon the ground, that there is no case stated as required by the C. C. P., sec. 301. In the case made out by His Honor, he says, " the statement of the case by plaintiff's attorney, accompanied by four specific objections thereto, proposed by defendant's attorney, are first transmitted to me by mail out of the District, with transcript of the record, etc., and that no request from the appellant has been made to me in accordance with C. C. P., sec. 301, to fix a time and place for settling the case." The proceeding, is certainly very irregular, but this Court has heretofore been liberal to counsel in such matters, as the transcripts which we see from every part of the State, show that the profession have not yet become familiar with the new system of legal procedure, and are somewhat disposed to follow the loose practice heretofore in use.

The statement of the case made by the appellant, and the defendants' specific objections, together with the notes of His Honor, enabled him to make out a case containing the substantial merits, of the controversy. As there was no request from the counsel of either party to be present, when the case was settled, His Honor might well infer, that they were willing that he should, in their absence, make out the case for the Supreme Court.

If it had appeared that the defendant's counsel desired to be present, and the rights of their clients had been prejudiced by the irregular proceeding, this Court would order a *certiorari* to have a new, and more formal case, prepared.

A Judge who holds a Special Court out of his regular district, must necessarily have jurisdiction to settle a case tried before him when there is an appeal, and this must be done in the district where the case is tried, unless the provision of law

which is made for the convenience of parties, is waived, expressly or by implication.

As the case made out by His Honor, shows error in the rejection of material and competent evidence on the trial in the Court below; we think that justice requires that the case should be submitted to another jury.

The plaintiffs offered for sale, at public auction, a vested remainder in certain slaves, as the property of their intestate. The title to said remainder was claimed by M. H. Whitesides, who forbade the sale. In order to make the property bring a fair price, a public announcement was made to the bidders, that if the purchaser did not get the negroes, they were not to be paid for. The defendant Williams, became the purchaser, executed the note sued on for the purchase money, and received a conveyance of the interest in remainder in accordance with the terms of the sale.

A vested remainder in slaves was a subject of sale, and a purchaser of such interest acquired a property and was entitled to the possession of the slaves on the termination of the precedent life estate.—*Knight* v. *Leake*, 2 *Dev. & Bat.*, 133.

The slaves sold, remained in the possession of the owner of the life estate, until they were emancipated. Emancipation, was not contemplated by the parties at the time of sale, and the public announcement made by the plaintiffs, and acted upon by the defendant, was in reference to the legal title of such remainder, which was in dispute. This is clearly manifested by the express terms of the bill of sale which embraced the contract between the parties, and is not materially contradicted by any of the testimony.

If the legal title was in the intestate, it passed by the sale to the defendant, and was bound for the purchase money. The plaintiffs took no risk, but " the title of said negroes as to the interest expressed," and if the slaves had died, the loss would have fallen on the purchaser, as they were his property, subject to the life estate, and emancipation was their artificial death — *Woodfin* v. *Sluder*, 8 *Phil.*, 200.

No one disputed the title of the intestate but M. H. White-sides, and it was material for the plaintiffs to show that the title of this claimant had passed to their intestate.

The evidence, therefore, which the plaintiffs offered to introduce, was admissible, and was improperly rejected by His Honor.

For this error there will be a *venire de novo*.

Let this be certified.