R. R. PORTER, Adm'r, v. THE WESTERN NORTH CAROLINA RAILROAD COMPANY.

*Certiorari.*

1. A *certiorari* in order to correct the case on appeal will not be granted,. when it appears from the petition that the particulars in which the petitioner asks to have it changed, are not material to the proper hearing of the case.

2. Where it is sought to have the case as settled by the Judge corrected by a *certiorari*, the petitioner should set out his grounds for believing that the Judge would make the corrections if given an opportunity, and not merely that he believes that probably the Judge would do so.

(*McDaniel* v. *King*, 89 N. C., 29; *Currie* v. *Clark*, 90 N. C., 19; *Cheek* v. *Watson*, Ibid., 302; *Ware* v. *Nesbit*, 92 N. C., 202; *State* v. *Gooch*, 94 N. C., 986; cited and approved).

PETITION by the defendant for a *certiorari*, heard at February Term, 1887, of the Supreme Court.

The petition of the defendant for the writ of *certiorari*,. represents that plaintiff's counsel prepared the case on appeal, which, with defendant's exceptions, was delivered to·

the presiding Judge for his examination and settlement. That as settled by him, petitioner is informed, it was sent by mail to the clerk of the Superior Court of Buncombe, but for some reason, never reached his office; that about three months later, another case was made out by the Judge, and sent to the clerk, and is that certified in the transcript to this Court; that the present case, unlike what he learns was the former, does not, as did the other, set out the facts in full; that among the imperfections, the case omits to state that the first issue was changed after verdict. (but in what particular is not shown); that it fails to state that the fourth issue, to which the next is a natural sequence, was submitted at the plaintiff's instance, after the argument had begun, and over defendant's exception; that the jury were charged upon each issue, and the responses thereto, treated as a special verdict; and also, that it is probable that his Honor would make the suggested corrections, if he had opportunity to do so.

The petition is signed by counsel, and the facts in it sworn by both of them, while a separate affidavit, on another matter, is filed by the other.

The plaintiff in his answer admits the allegations made in regard to the preparation of the case on appeal, but in reply to the charge of omissions, says: That the only change in the first issue, was in adding to it, as first framed, the concluding words "by the defendant," which was suggested by the Court, and this was done "*by consent of counsel for the defendant;*" that no complaint is made of the manner of setting out the evidence, and the defendant's counsel expressed at the trial his satisfaction with the verdict, and, deeming it favorable for the defence, moved for and obtained judgment thereon against the plaintiff.

No counsel for the plaintiff.
*Mr. C. M. Busbee,* for the defendant.

PORTER *v.* THE RAILROAD.

SMITH, C. J., (after stating the facts). There is no sufficient ground shown for our interposition, in giving an opportunity to the Judge to modify the statement, nor do those suggested appear material in disposing of the appeal. The defendant does not appeal from any ruling of the Court, and the sole inquiry is, as to the judgment that should be rendered upon the facts ascertained.

Moreover, there are no reasons suggested why the Judge would favorably entertain an application for amendment, and no facts stated to warrant the opinion that he would *"probably"* make any change or addition, if the matter was again brought before him. The *grounds* of the applicant's belief should be given, that we may judge of their sufficiency.

If reasonable grounds exist. and they so appear, this Court may cause the matter complained of. to come again before the Judge, to enable him to review it and "to correct any error as he may deem proper." *McDaniel* v. *King*, 89 N. C., 29.

It ought to appear *upon facts shown,* ' that the Court would probably make the correction." *Currie* v. *Clark*, 90 N. C., 19; *Cheek* v. *Watson*, Ibid., 302; *Ware* v. *Nesbit*, 92 N. C., 202.

Where the action of the Court has been careful and considerate, no occasion for "interference is presented." *State* v. *Gooch,* 94 N. C , 986.

Such we deem the present application, and the writ must be refused.

Denied.