*M. J. WALKER et al. v. IOLA M. SCOTT et al.

*Appeal—Settlement of Case—Amendment of Case—Filing Exceptions—Rule 27—Pleading—Issues.*

1. When appellant's counsel, on receipt of appellee's case, sends the papers to the Judge to settle the case on appeal, without any "request," as required by *The Code*, §550, to fix a time and place for settling the case, the Judge is not required, in the absence of such request, to give notice, and the case settled will not be set aside in this Court, especially when appellant's counsel took no steps for three months towards securing a hearing before the Judge in regard to the matter.

2. While the Court will allow a "case" to be withdrawn to be amended by the Judge when he expresses a willingness to correct an error or inadvertence, this will not be done when the Judge states that there is no error, and that he will "make no change whatever in the case as settled."

3. When exceptions are filed under Rule 27, the recitals contained therein are not conclusive, but it is open to the appellee to controvert them, and to have the Judge pass upon their correctness in "settling the case on appeal."

4. If an answer or reply is insufficient, the opposite party may move for judgment, and if the motion is refused, he can have his exception noted. If he fail to do this, the objection is usually waived.

* Head notes by CLARK, J.

5. Judgment *non obstante veredicto* is only granted in cases where the plea confesses a cause of action and the matter relied on in avoidance is insufficient.

6. A party who fails to tender on the trial such issues as he deems proper, cannot be heard on appeal to complain that the issues submitted do not cover the entire case.

APPEAL from *Boykin, J.,* Fall Term, 1888, CHEROKEE Superior Court.

The facts are stated in the opinion of the Court.

*Messrs. T. F. Davidson* and *G. A. Shuford,* for plaintiffs.
*Messrs. E. C. Smith* and *J. W. Cooper,* for defendants.

CLARK, J.: The appellant asks to withdraw the case and recommit it to the Judge to "settle the case" over again. Appellant's counsel files an affidavit that the case as settled by the Judge is "erroneous in various particulars, to defendant's hurt, without giving him any notice of time and place of settling the case on appeal," and that the Judge has by letter expressed his willingness to give the appellant such notice now, if the Court will permit the case to be withdrawn for that purpose. The letter of the Judge referred to, states that the appellant's counsel forwarded him the papers to "settle the case" without any request to name a time and place for that purpose; that he was then in the Eastern part of the State, and in the absence of such request he did not suppose counsel (who resides in Cherokee) desired such notice; that if desired he will still give it, "but the case as prepared will not be altered in any respect whatever," and that no exception was taken during the trial, except as stated.

The case as settled by the Judge must be taken as correct. The law provides that when counsel disagree he must settle it. It is difficult to see how any other provision could be made. *State* v. *Debnam,* 98 N. C., 712, and cases there cited.

The statute (*The Code,* § 550) provides that when appellee's counter-case is served, the appellant shall immediately "request the Judge to fix a time and place for settling the case before him." When this case was before us the second time (104 N. C., 481), it was remanded to be settled (if counsel could not agree upon the statement of the case) "under requirements of *The Code,* § 550." The Judge having stated that when the papers were sent him to settle the case no request to appoint a time and place was made by appellant, we think that it is too late for him to make the application now. *McCoy* v. *Lassiter,* 94 N. C., 131. The Judge was not required to give a notice which was not asked, and which the ·law did not require him to give unless requested. The Judge was especially justified in thinking notice was not desired in this case, considering the distance appellant's counsel resided from where he was then holding Court. The papers were sent to the Judge January 5th, 1890. The appellant's counsel does not aver that he intended to appear, and would have appeared, before the Judge, if notified, nor does he show why he did not apply to the Judge when he failed, in a reasonable time, to receive notice, nor why he did not, after the case was settled, make this application to be reheard before 17th April, the date of the Judge's letter. By his non-action he has waited to see what the Judge's case would be, and he moves only when it is not satisfactory. While the Court will permit a case to be withdrawn when it is properly made to appear that the Judge has expressed a willingness to correct an error or omission, *cui bono,* remand the case with an attendant delay of several months, when the Judge not only does not desire to make any change, but distinctly says that the case is correct, and that it "will not be altered in any respect whatever." It is apparent that the delay will be the only thing accomplished, and that the appellant is in as good a position to assert his rights and point

out errors committed on the trial now as if his motion were granted.

The motion is denied.

The case on appeal, settled by the Judge, states that there were no exceptions taken on the trial, except to the following instruction in the charge:

"His Honor charged the jury, among other things, that if they should find that the defendants, and those under whom they claim, had been in the actual occupation of the land in controversy for twenty years prior to the commencement of this action, the plaintiffs would not be entitled to recover, unless the defendants, and those under whom they claim, during such occupation or possession of said land, recognized and acknowledged the right and title of the plaintiffs, or those under whom they claim, to the same. That if they should find that the defendants, and those under whom they claim, entered into possession of said land and occupied the same, recognizing and acknowledging the title of the plaintiffs thereto, and held the same under the plaintiffs, and those under whom they claim, the plaintiffs would be entitled to recover, unless, prior to the assertion of this adverse claim, the defendants, or those under whom they claimed, had surrendered the possession of the said land to the plaintiffs, or those under whom they claimed, or shown actual adverse possession of the same in twenty years prior to the beginning of this action."

We see no error therein of which the defendants can complain. Indeed, the exception was not seriously maintained in this Court.

The appellant, however, contends that he filed his exceptions to the case in the Clerk's office within ten days after judgment, and that by virtue of Rule 27 of this Court, they became part of the record and control the case stated by the Judge. These exceptions recite certain instructions, alleged therein by appellant to have been given by the Judge, and

certain evidence which he alleged was admitted, and his exceptions to the same. The idea is, at least, novel. An appellant cannot, by such recitals, take away the appellee's opportunity to controvert the fact whether such instructions were given, or such evidence admitted, and deprive him of the right to have the Judge pass upon those matters by a "settlement of the case." If this could be done, the provisions of *The Code*, § 550, in regard to the manner of settling cases on appeal, are a nullity, and an appellant can always secure a new trial by filing exceptions to suit himself. The *reductio ad absurdum* is apparent. Rule 27 provides that exceptions shall be set out by appellant, in making up his statement of case on appeal, and, in those few cases in which no statement of case on appeal is required, the appellant can file his exceptions within ten days after judgment, in the Clerk's office, and they will be sent up as a part of the record. The rule reads as follows: "Every appellant shall set out in his statement of case served on appeal, his exceptions to the proceedings, rulings or judgment of the Court, briefly and clearly stated and numbered. If there be no case settled, then within ten days next after the end of the term at which the judgment is rendered from which an appeal shall be taken, or in case of a ruling of the Court at Chambers and not in term time, within ten days after notice thereof, appellant shall file the said exceptions in the Clerk's office. No other exceptions than those so set out or filed, and made part of the case or record, shall be considered by this Court, except exceptions to the jurisdiction, or because the complaint does not state a cause of action, or motions in arrest of judgment for the insufficiency of an indictment." This rule is in conformity to § 550, and other like provisions in *The Code*, and is to be construed in connection with them. It provides a mode for presenting exceptions, but it does not relieve a party from the consequences of not having taken an exception at the time which is required by *The Code*, § 412 (2), as

to everything except the charge. As to the charge, exception can be taken for the first time in making up statement of case on appeal. *The Code,* § 412 (3); *McKinnon* v. *Morrison,* 104 N. C., 354. Nor have recitals of evidence or of the charge, when thus made in appellant's exceptions, any other force than as appellant's statement. If exceptions are set out in appellant's statement which were not made in apt time on the trial (other than exceptions to the charge), or incorrect statements of evidence, or charge, or other matters occurring on the trial, it is the duty of the Judge, upon disagreement of counsel, to correct these matters. In these few cases in which no " case settled" is necessary, the exceptions filed in the ten days are sent up as part of the record, because, in those cases, the exceptions are necessarily only to matters appearing upon the face of the record, and there are no controverted matters requiring a "statement of the case on appeal."

The appellant further insists that the answer sets up a counter-claim to which the reply is not sufficient in form as a denial; that upon the face of the record he is entitled here to judgment *non obstante veredicto,* and he relies upon *The Code,* § 957; *Thornton* v. *Brady,* 100 N. C., 38; *McKinnon* v. *Morrison, supra.* The plaintiff contends that the replication is sufficient, and if it were not, that the answer only sets up an equitable defence—not a counter-claim—and no reply was required. *Barnhardt* v. *Smith,* 86 N. C., 473. If an answer is insufficient, the plaintiff can move for judgment, and, if it is refused, have an exception noted. If he does not do this, and goes to trial upon the pleadings, without objection, the exception is waived. It is not a fatal defect appearing upon the face of the record—such as a want of jurisdiction and the like. The same rule applies to the reply. The defendant here has waived any objection he may have had by not moving for judgment below in apt time, and having his exception noted if the motion had been refused.

"The granting judgment *non obstante veredicto* is very re-
stricted, and is confined to cases where the plea confesses a
cause of action and the matter relied on in avoidance is
insufficient, and when the plea may be treated as a sham
plea." *Moye* v. *Petway*, 76 N. C., 327; *Ward* v. *Phillips*, 89
N. C., 215.    Besides, the motion, if well founded, should
have been made below, and not presented here for the first
time.

The appellant further insists that, upon the face of the
record, an additional issue should have been submitted upon
his demand for affirmative relief in the answer.    The Court,
by not submitting it, seems to have been of the opinion that
no issue was raised thereby other than as embraced in the
issue submitted.    The appellant seems to have thought so
too, as he tendered no other issue and made no exception to
the issues submitted, nor to the failure to submit others.
"A party who fails to tender, on the trial, such issues as he
deems proper, cannot be heard, on appeal, to complain that
the issues submitted do not cover the entire case." *Kidder*
v. *McIlhenny*, 81 N. C., 123; also *Curtis* v. *Cash*, 84 N. C., 41;
. *Bryant* v. *Fisher*, 85 N. C., 69; *Moore* v. *Hill*, 85 N. C., 218;
*Alexander* v. *Robinson*, 85 N. C., 275; *Simmons* v. *Mann*, 92
N. C., 12; *Silver Valley Mining Co.* v. *Balt. Smelting Co.*, 99
N. C., 445.

No error.