W. L. LOWE v. J. A. ELLIOTT et al.

*Certiorari—Case upon Appeal—Judge's Charge—Exceptions.*

1. Exceptions to all matters other than the charge must be taken at the time.

2. Exceptions to the charge, and for refusing to give special instructions, are in time if taken at or before the stating of the case on appeal, though the better practice is to assign all exceptions in making motion for new trial.

3. The appellant is entitled to have his assignments of error to the charge, and for refusing or granting special instructions, if set out by him in his statement of case on appeal, incorporated by the Judge in the case settled. If they are omitted, *certiorari* will lie.

This was a petition for *certiorari*, filed in this Court. The facts are stated in the opinion.

*Mr. P. D. Walker*, for petitioners.
*Messrs. J. B. Batchelor* and *John Devereux, Jr.*, contra.

CLARK, J.: "The case stated for an appeal to this Court," in the words of RUFFIN, C. J., "is here taken to be absolutely true as to all matters which occur on the trial, or pur-

port to have been acted on in the Court from which the appeal comes." *State* v. *Reid,* 1 Dev. & Bat., 377; *State* v. *Ephraim,* 2 Dev. & Bat., 162, which are cited and approved in *State* v. *Gooch,* 94 N. C., 982. As to such matters a *certiorari* will not lie unless it appear by affidavit that, by inadvertence or mistake, the Judge has committed an error which the petitioner has reason to believe the Judge will correct if given the opportunity, and the writ will not, even in such case, be granted unless the grounds for such belief are set forth, so that the Court may pass upon the reasonableness thereof. *Porter* v. *Railroad,* 97 N. C., 63.

Exceptions to evidence, and all matters other than the charge, must be taken *at the time* [*The Code,* § 412 (2)], or are waived. *State* v. *Ballard,* 97 N. C., 443. But it is otherwise as to assignments of error in the charge, or for granting or refusing special instructions. These exceptions need not be taken on the trial. *The Code,* § 412 (3). In *McKinnon* v. *Morrison,* 104 N. C., 354, the Court suggested that it would be better for counsel to assign such errors on a motion for a new trial, so as to give the Judge himself a chance to correct the errors, if any, committed in instructing the jury, but it conceded that the appellant had a right to withhold them till stating his case on appeal, but if not then stated the exceptions would be waived, and could not be assigned here.

The assignment of errors in the instructions to the jury is the act of the appellant. It is *his* assignment of error, and must appear upon the face of his statement of the case on appeal. It is not a matter which must occur or not occur on the trial, and as to the occurrence or non-occurrence of which the Judge must determine in settling the case.

It is true, counsel, in assigning error to the charge, or for granting or refusing instructions, may recite in his exceptions the charge differently from what the Judge says it was.

In such case the charge as stated by the Judge must govern, as was pointed out in *Walker* v. *Scott,* 106 N. C., 56. This difficulty will rarely occur, since prayers for instructions are required to be in writing (*The Code,* § 415), and the charge must also be in writing, if requested in apt time. *The Code,* § 414. When the charge is not in writing the Judge's statement of what it was must govern, and the appellant will conform his exceptions thereto, or lose his labor. Assignments of error in the instructions given or refused, when made by appellant in stating his case (Rule 27, 104 N. C., 923), he is entitled to have incorporated in the case, when settled by the Judge. The recitals therein of the parts of the charge excepted to may make it desirable that the Judge should state more fully and carefully, or correct his own statement of the charge. To that end the case will be remanded to him to incorporate in the "case on appeal" the assignments of error to the charge, and in granting or refusing the special instructions which are set out in appellant's case on appeal, and with leave to the Judge to correct and amend the case, as heretofore made up by him, in any other particulars which to him may seem just and proper.

   *Per Curiam.*                                   Motion allowed.