THE STATE v. WILLIAM E. BLACK.

*Certiorari—Appeal—Exceptions to Charge—Assault on Officer.*

1. *Certiorari* will not issue to have exceptions to the charge incorporated in the case on appeal, where it does not appear that they were assigned in the appellant's case on appeal.

2. The fact that the defendant's hogs were impounded under an invalid ordinance, will not justify the defendant in making an assault upon the officer having them in charge.

CRIMINAL ACTION for assault with a deadly weapon, tried before *Boykin, J.,* at August Term, 1891, of MOORE Superior Court.

It appears in evidence that defendant's hogs had been impounded by the Town Marshal of Carthage and were in his custody. The Marshal and two of the Town Commissioners, who were near the pound, saw the defendant going in the direction of the pound at night, and the defendant swore, in their presence, that unless the Marshal turned his hogs out he would liberate them, and thereupon proceeded to the pound and attempted to break the pound to turn the hogs out. The Marshal and the two Commissioners came up, and the Marshal ordered the defendant to desist; he refused to desist; the Marshal threatened to arrest him if he persisted in breaking the pound. There was also evidence that the Marshal flourished a pistol when he threatened to arrest the defendant, who, thereupon, assaulted the Marshal with a piece of scantling drawn in a striking attitude within striking distance. The Marshal had no warrant. The defendant offered to introduce the ordinance under which his hogs had been impounded, for the purpose of showing that said ordinance was void. The Court refused to admit the evidence. The exception for such refusal is the only exception presented for

review.   The case states that there was no exception to the charge.

The defendant moved for a *certiorari,* as stated in the opinion.

*The Attorney General* and *Mr. J. B. Batchelor,* for the State.
*Messrs. W. C. Douglass* and *J. W. Hinsdale,* for defendant.

CLARK, J.—after stating the facts: The affidavit in the petition for *certiorari* avers that a special prayer for instruction was asked in writing and in proper time, that it was refused and exception noted ; but it is not alleged that such exception was set out in appellant's statement of case on appeal.   As the appellant did not set it out as an exception in his case on appeal, he cannot complain that the Judge did not incorporate it in the "case settled" by him.

In *Taylor* v. *Plummer,* 105 N. C., 56, it is said:   "Exceptions noted on the trial and exceptions which, after the verdict, the losing party desires to assign to the charge, or to the refusal or granting of special instructions, must be set out by appellant in making out his statement of the case on appeal (as required by *The Code,* § 550), or *they are deemed waived."* Had the exception for refusal of the special instruction (if asked in writing and in apt time) been set out by appellant in making up his case on appeal (*The Code,* § 550, and Rule 27, Supreme Court), and the Judge had omitted such prayer and the exception for its refusal from the "case settled," a *certiorari* would lie to have them incorporated.   *Lowe* v. *Elliott,* 107 N. C., 718.

By not setting out such an exception in his statement of case on appeal, the appellant has waived the right to insist on it.

The only exception stated in the case on appeal is to the refusal to admit the town ordinance in evidence, which was offered for the purpose of showing its invalidity.   For the

purpose of the exception it must be taken that the hogs were impounded under an invalid ordinance, but they were in the custody of the officer and the owner had no right to take the law in his own hands and regain possession of his property by violence and by tearing down the pound. The officer had a right to forbid him, and to prevent the property being taken out of his custody by force.

This is not a case where the officer is on trial for using excessive force. Nor is it a case where property is attempted to be taken under a void warrant and the owner resists by force. For all that appears, the hogs were taken on process valid on its face, which the officer was compelled to execute, though issued, possibly, without sufficient legal ground; but that was not a matter for the officer to decide nor the defendant. It was a matter to be settled by the Court. Besides, the hogs had been taken previously, and were in the peaceable possession of the officer.

The case presented is as to the right of the defendant to tear down the town pound to regain possession of his hogs (taken possibly under an illegal ordinance) after being forbidden to do so, and his right to assault the officer who bade him desist, and who, when the defendant did not stop, with a flourish of his pistol had threatened to arrest him. That the defendant made an assault is uncontroverted. The defence set up by the exception that the hogs had been taken under an invalid ordinance is not sufficient. The defendant, after being forbidden by the officer, should have desisted and have sought to get back his hogs by lawful process. He had no right to regain them by means of a breach of the peace. "Two wrongs will not make a right."

In *State* v. *Hedrick*, 95 N. C., 624, an arrest was made by one who had been illegally deputed to serve a warrant in a civil action. On the party arrested attempting to escape, another party tripped up the acting officer who was pursuing, it was held that such other party was guilty of an

assault. In *State* v. *Armistead,* 106 N. C., 639, it is said that no one has a right to take a prisoner from the custody of an officer on the ground that such prisoner is unlawfully in arrest, since the lawfulness of the arrest must be enquired into without resort to force. The property being committed to the custody of the officer by process of law, he had the right to arrest without a warrant anyone attempting to take it from him. *Braddy* v. *Hodges,* 99 N. C., 319. The exigency would not permit him to get a warrant, for while he was off looking up an officer to issue it, the property with whose safe-keeping he was charged would be taken.

*Per curiam.*                                                          No error.