NATIONAL BANK OF ASHEVILLE v. F. A. SUMNER, et al.

*Action on Note—Appeal—Exceptions to Charge—Practice—Instructions—Release of Surety—Indulgence to Principal Debtor.*

1. While the better practice in entering exceptions to a charge is to make them on a motion for a new trial in order that the trial judge may, if he sees proper, grant a new trial without appeal, yet the appellant has the right to assign the errors for the first time in his case on appeal.

2. Exceptions to errors (other than those to the charge) that might be cured by the judge if made during the trial cannot be made for the first time in the case on appeal.

3. The charge of the trial judge need not recapitulate the evidence but may call the attention of the jury to the contentions of the parties and the principal evidence relating thereto.

4. An omission to state evidence favorable to a party is not assignable as error unless pointed out at the time.

5. *It would seem* that the doctrine by which a surety is released by indulgence given to the principal debtor is based upon a strict construction of the contract for the benefit of such sureties as sign notes for the benefit of the principal, and without consideration or benefit for themselves, and, hence, that it would not apply to a case where the payee of a note becomes a surety on a note by endorsing it to another in payment of his own debt or otherwise obtaining full value for it.

6. Where the only evidence of indulgence given to a principal debtor was that the creditor, in compliance with his request to be allowed time to sell some land in order to pay the debt, gave him 30 days, but there was no consideration for such extension and no contract not to sue, and suit was brought to the next ensuing term of court; *Held*, that there was no such indulgence as would release the surety.

CIVIL ACTION on a note, tried before *Hoke, J.*, and a jury, at April, 1896, Special Term of BUNCOMBE Superior Court.

The essential facts appear in the opinion of Associate Justice FURCHES. Defendant appealed from the judgment rendered against him.

*Messrs. Jones & Barnard*, for plaintiff.

*Messrs. Merrimon & Merrimon*, for defendants (appellants).

FURCHES, J.: The defendant Sumner was owing the plaintiff bank some $1,600 or more. The defendant held a note on Bostic & Cobb for about $1,000. The defendant, in satisfaction of his note, transferred and endorsed the Bostic—Cobb note to the plaintiff, and paid the plaintiff the balance of his indebtedness in currency. Bostic & Cobb are badly insolvent, and this action is brought on the Bostic—Cobb note and the defendant's endorsement thereon. There was a judgment for the plaintiff and appeal by defendant Sumner.

There were no exceptions taken on the trial, nor on a motion for a new trial, but the errors assigned were made for the first time in the defendant's statement of the case on appeal.

The defendant had the right to pursue this course as to the assignment of errors of law in the charge of the Court, though it is said to be the better practice to make them on a motion for a new trial, as the Court might upon consideration grant a new trial without appeal. *Lowe* v. *Elliott*, 107 N. C., 718; *Taylor* v. *Plummer*, 105 N. C., 56; *Smith* v. *Smith*, 108 N. C., 365.

But all other exceptions that might be cured by the judge, if the exception had been made during the trial, cannot be made for the first time in the statement of the case on appeal. *State* v. *Grady*, 83 N. C., 643.

The judge says the case had been fully argued to the jury, and he did not undertake to recapitulate all the

evidence; but to call the  attention of the jury to the con-
tention of the parties and the principal evidence in the case
bearing upon these contentions.    This mode of conducting
the trial is sustained by  *State* v. *Jones*, 87 N. C., 547, and
*State* v. *Jones*, 97 N. C., 469.    An  omission  to state evi-
dence favorable to a party is not  assignable as error unless
pointed out at the time.    *State* v. *Grady*, *supra.*

The defendant Sumner sets up two grounds of defense :
One, that the endorsement  was made upon a special ver-
bal agreement  between  him and the plaintiff, through its
cashier Barnard, that  he was not  to be looked to for pay-
ment  until the plaintiff should fail to collect the note out
of Bostic & Cobb, and  they  were to exercise diligence to
do this, and to  exhaust  all  means of  collecting against
them, which he alleged they  had  not done.    The other is
that  he  is  only  the surety  of  Bostic & Cobb, and  the
plaintiff by indulging  them—giving them  time—released
him from  all  obligation to pay the note by reason of  his
endorsement.

Issues were submitted to the jury without objection, pre
senting both these grounds  of  defense, and  the case was
tried upon this conception.

It may be  questioned  whether  the  defendant Sumner,
who owed the plaintiff bank and endorsed the Cobb-Bostic
note and  delivered it to the  bank in payment of his own
note, is  such a surety as could insist on the defense of time
given to Bostic & Cobb—whether he is not the real debtor
of the bank, and  Bostic & Cobb additional and collateral
security for  his debt.

This doctrine, as  we understand it, is put upon a strict
construction of  the  contract for the benefit of sureties who
sign notes for the  benefit  of  the  principal without con-
sideration or benefit to them.    This being so, they are only
bound by force of the contract, and the same must be strictly

119—38

complied with on the part of the payee or they are discharged. But none of these reasons apply to the defendant Sumner. He got a full consideration for this endorsement—his own note. He did not endorse it for the benefit of Bostic & Cobb. It was of no interest to them that he endorsed it to the plaintiff.

But, as the case was presented and tried under the conception that he was such a surety as might have the benefit of that defense, we will give no opinion upon the point above suggested. But we will consider the appeal upon the case as tried and the defendant's exceptions thereto.

The defendant Sumner's grounds of appeal are all contained in one exception, covering about four pages of printed matter, cut up into paragraphs, and is said to be to the judge's charge. But the larger portion of it is as to the manner of the court in reciting the evidence or the failure to repeat the evidence. And, though the exception is made to the charge, it is upon such matters as should have been called to the attention of the court, and cannot be presented for the first time in the statement of the case on appeal, under the authorities we have cited above. There are many criticisms contained in defendant's exception to the manner in which the judge submitted the case to the jury—such as these: That he stated in his charge that the defendant Sumner was being pressed for his debt, and that he went to the bank and had this transaction with the cashier Barnard, which the defendant Sumner says· was not as he stated. The Court had said " There is evidence before the jury that the character of Sumner and Bostic is good," and further down he said, " Barnard's character is also good, according to the evidence." These statements are objected to by the defendant Sumner, and also some other expressions of the judge, but hardly so pointed as these. We know how careful a judge should

be in guarding his language in making his charge to the jury, as the jury often takes an unguarded expression for much more than it really means. But here the issue was as to whether there was a special verbal contract between the plaintiff and defendant Sumner that the plaintiff was not to call upon him to pay this debt until the plaintiff had exhausted all means to make it out of Bostic & Cobb.

We cannot see that there is anything prejudicial to defendant Sumner in the manner in which the judge spoke of his and Bostic's and Barnard's character. Nor can we see how it could affect the jury prejudicially to him whether the plaintiff was pressing him for his debt or not, or whether he went to the bank first about the matter, or whether Barnard went to him. None of them was as to any material fact or issue before the court, but only to incidental matters that the most of triers of the case would not have been likely to consider of importance.

As to the other ground of exception, that the plaintiff gave such indulgence to the defendants, Bostic & Cobb, as to release the defendant, Sumner, from any liability on account of his endorsement, we think it is without merit. The defendant makes this point in his exceptions and also in his brief. But he cites us to no authority to sustain his contention, and we know of none.

The farthest the evidence goes is that Bostic asked the plaintiff to give him time to sell some land, and thirty days was spoken of, and he thinks the plaintiff said he might have thirty days. But there was no contract, no con ideration mentioned, and there was nothing to prevent the plaintiff from suing at any time, and he did sue to the first court after the note was due.

This case falls far short of the facts in *Forbes* v. *Sheppard*, 98 N. C., 111; and *Chemical Company* v. *Pegram*, 112 N. C., 614. While we wish to enforce this doctrine,

as far as it is sustained upon principle, we cannot carry it to that extent that it would be dangerous for a creditor to allow his neighbor debtor to ask him if he could not hold up a little until he could " sell some land " or make other arrangements to pay, without having his property sold. We agree with his Honor that there is no evidence to support this defense, and that he did right in telling the jury so.

Upon a full examination of the whole record and the judge's charge, which is set out at length, we are of the opinion that the defendant has had a fair trial and that the judgment below should be affirmed.

Affirmed.