## CAMERON v. POWER CO.

(Filed November 30, 1904).

1. CERTIORARI—*Appeal—Case on Appeal—The Code, secs. 412, 414.*

   A *certiorari* will issue to compel the trial judge to incorporate exceptions taken by appellant omitted by him in the case on appeal.

2. CERTIORARI—*Judges—Appeal.*

   Where a *certiorari* is ordered to correct a case on appeal, the trial judge should be given an opportunity to consider the case with reference to the corrections, and counsel should be present at the settlement thereof.

3. APPEAL—*Case on Appeal—Judges—The Code, sec. 550.*

   The requirement of the statute that the place appointed by a judge to settle a case on appeal must be in the judicial district wherein it was tried is mandatory.

ACTION by the Cameron-Barkley Company against the Thornton Light and Power Company. Petition by the plaintiff for *certiorari* to correct the case on appeal.

*T. M. Hufham,* for the petitioner.
*E. B. Cline,* in opposition.

WALKER, J. This is an application by the plaintiff (appellant) for a *certiorari.* It is alleged in the petition that plaintiff served on the defendant a case on appeal and defendant filed a counter case. That the Judge who presided at the trial was requested to name a time and place for settling the case, and he appointed as the place a town which is not in the Thirteenth Judicial District and is at a great distance from the place of trial. The plaintiff further alleges that in the case on appeal as tendered by its counsel there were cer-

tain exceptions to the charge, and it complains that those exceptions were omitted by the Judge in his statement of the case by inadvertence. It is also alleged that some of the exceptions contained recitals of instructions given by the Court in its charge to the jury, which are at variance with the charge set out in the case as settled and signed by the trial Judge.

The statement of the Judge in the case on appeal as to what occurred on the trial must be accepted in this Court as importing verity. We always take it as absolutely true. *State v. Reid,* 18 N. C., 377, 28 Am. Dec., 527; *State v. Gooch,* 94 N. C., 982. If there is any exception to this rule it has not yet been presented in any case which has come to this Court, though it must be true that if the case is tried and the exceptions are noted during the course of the trial, in accordance with the provisions of The Code, sec. 412 (2), the case will be heard here upon the exceptions as thus settled, for the statute virtually so directs. The Code, sec. 550. But the rule as first above stated does not extend to exceptions taken to the refusal of the Judge to grant a prayer or to the granting of a prayer for instruction, nor to the assignments of error in the charge of the Court, which alleged errors, by the express terms of the statute, are deemed to have been duly excepted to. Clark's Code (3 Ed.), sec. 412 (3). It follows from that provision of the law that the formal assignment of errors relating to such matters may be made for the first time in the case on appeal as tendered by the appellant and it has so been frequently decided by this Court. *McKinnon v. Morrison,* 104 N. C., 354. See also, Clark's Code (3 Ed.), p. 513, where the cases will be found fully collected and classified. The Judge, therefore, has nothing to do with the appellant's assignment of errors, which is solely the act of the appellant and must be treated as *his* assignment. This being so, it is not of course subject to the control or revision of the Judge.

The assignment of errors must appear in the case and appear, too, as the appellant frames it, otherwise he may be deprived of a most important and valuable right given by the statute. The Judge may say what the evidence was and also what was the charge when it was not in writing, but he may not say how the alleged errors in it shall be excepted to or assigned by the appellant, nor can he omit the assignment of errors from the case because he does not believe it was properly made or does not conform to the rulings upon the prayers for instructions or to the charge, provided it was set out in the case on appeal as tendered by the appellant. As to all matters concerning which the Judge's statement is conclusive upon us we will not grant a *certiorari* for the purpose of having the case amended, unless it appears that an error or mistake has inadvertently been committed by the Judge, and it appears further that there are reasonable grounds to believe that the Judge will correct the case if he is afforded an opportunity to do so. *Porter v. Railroad,* 97 N. C., 63; Clark's Code (3 Ed.), pp. 935, 936. But in respect to an assignment of errors made in the appellant's case, he is entitled to have it stated in the case on appeal settled by a Judge as matter of right. Sometimes he may be put to this disadvantage: If the charge has not been reduced to writing by the Judge, either voluntarily, or at the request of one of the parties under section 414 of The Code, and there is a conflict between the charge, or any part of it, as stated by the Judge and as recited in the assignment of errors, we must be governed by the Judge's statement of it, and the assignment must be disregarded. *Walker v. Scott,* 106 N. C., 56. When the charge is put in writing there should of course be no such discrepancy, as the assignment must necessarily be directed to the charge written.

While we decide that the plaintiff upon the foregoing principles is entitled to the writ of *certiorari* for the purpose of

having his exceptions and assignment of errors, so far as they relate to the exceptions, given or refused, made a part of the case, the Judge should, as a general rule, have the opportunity of considering the case again with reference to the assignment, so that he may the more intelligently and explicitly state what was actually done and said, having in view the questions intended to be raised by the appellant as they appear from his assignment of errors. This is but fair to the Judge and to the appellee, and will certainly conduce to a better understanding of the merits of the case by us; and besides, it will not take from the appellant any advantage to which he is justly entitled. Counsel should be present when the case is finally settled to protect the interests of their clients, unless their presence is waived, and, if any change is made in the body of the case the appellant should be permitted to re-assign errors so as to conform the assignment to the changes thus made.

The principles we have thus laid down are well supported by the case of *Lowe v. Elliott,* 107 N. C., 718, in which the present *Chief Justice* pointedly states the law upon the subject. That case has since been approved. *State v. Black,* 109 N. C., 856, 14 L. R. A., 205; *Broadwell v. Ray,* 111 N. C., 457; *Bernhardt v. Brown,* 118 N. C., 700, 36 L. R. A., 402; *Bank v. Sumner,* 119 N. C., 591. See also, *Boyer v. Teague,* 106 N. C., 571, and *Whitesides v. Williams,* 66 N. C., 141.

It is alleged in the petition that the place appointed by the Judge for settling the case on appeal was outside the district, and owing to this fact and the great distance from the place of trial to the place so appointed, counsel did not attend. This perhaps is the cause of the defect in the case, as counsel no doubt would have insisted on their right to have the assignment set out in the case if they had been present. The law requires the case to be settled within the Judicial District where it was tried (The Code, sec. 550), and this must be

done unless this provision is in some way waived, or counsel agree upon some place outside the district. This requirement of the law is mandatory and should be strictly observed when a request to appoint a time and place to settle the case is made (*Whitesides v. Williams,* and *Walker v. Scott, supra; State v. Williams,* 108 N. C., 864), and when the Judge has not left the district. When he has so left, he may settle the case upon notice without returning to the district. The Code, sec. 550.

The writer of this opinion concurs fully in the views of *Justice Douglas* who files the concurring opinion, as to the right procedure in correcting cases on appeal by the writ of *certiorari,* and he also thinks that such rules of the Court only should be adopted as are necessary for the proper and orderly transaction of the business of the Court and when adopted should be enforced, not harshly or too rigidly but with due regard to the hearing of cases upon their merits. But he does not think the question is presented by this application, and for that reason it is not decided nor even discussed.

The answer to the petition does not meet its allegations in such a way as should induce us to withhold the writ. Pursuing the course, therefore, suggested in *Lowe v. Elliott, supra,* a *certiorari* will issue and the case be remanded so that appellant's exceptions and assignment of errors may be inserted in the case on appeal, and so that the Judge may, not re-settle the case (*Boyer v. Teague, supra*), but make such amendments and corrections in the same as he may deem proper.

To that end let a copy of the petition and the original case on appeal, tendered by the appellant and used as an exhibit in this Court, be transmitted to the Judge with the writ for his information.

It is so ordered.

Petition allowed.

CLARK, C. J., concurring. The rulings of this Court are uniform that a *certiorari* will issue to send up the exceptions to the charge if filed within ten days after adjournment of Court, because filing such exceptions is the act of appellant and the exceptions are a part of the record. *Love v. Elliott,* 107 N. C., 718. But as to all matters transpiring during the trial, if counsel cannot agree upon a statement, the Judge settles the case and the case thus settled is conclusive. This Court has no power to examine witnesses and find the facts differently, nor can we command the Judge to state the facts differently, for he acts under the obligation of his duty and oath of office. All we can do is to give him an opportunity, and it is but reasonable that we will do this only when it appears, upon affidavit, that there has been an inadvertence on the part of the Judge. If this is denied by the other side, the matter is presumed to be as the Judge has stated it, and the *certiorari* ought not to issue unless it appear by a statement from the Judge that he will probably make the correction, if given the opportunity. This ruling has never been based upon any idea of courtesy to the Judge, but upon the principle of *Magna Charta* that we "will not delay justice." If the appellant has shown any diligence whatever he has always ample time—for the case must be docketed and printed at least a week before it is called for argument—in which to make the application to the Judge and learn whether or not he will make the correction if given the opportunity. Certainly if the appellant will not take the trouble to write a letter to the Judge he ought not to get a delay of six months upon a suggestion of error in the Judge's case on appeal when he was, or could have been, present when the case was settled and his averment of inadvertent omission is denied by counter affidavit. To give such delays to an appellant upon a vague statement that he believes the Judge will make a correction, when if there is the slightest diligence shown he can

lay the Judge's reply to his letter before us, would lead to the gravest abuse and a delay of several months in almost any case in which delay was desired by a party. This ruling has been uniform. *Smith, C. J., Porter v. Railroad,* 97 N. C., 65, 2 Am. St. Rep., 272, and cases there cited; *MacRae, J., Allen v. McLendon,* 113 N. C., 319, and cases cited; *Broadwell v. Ray,* 111 N. C., 457; *Lowe v. Elliott,* 107 N. C., 718; *Bank v. Bridgers,* 114 N. C., 107, and very many other cases, both before and since Clark's Code (3 Ed.), p. 936. The ruling in this Court has been uniform (but there is no "rule of court" on the subject), and it seems to be the uniform practice in all other jurisdictions—and for the same reason. A contrary practice would be unjust to the appellant and fruitful of unnecessary delays and expense. By the slightest diligence the appellant can always ascertain whether the Judge would probably make the correction and lay that fact before us in making his application—in which case it is always allowed.

Douglas, J., concurring. I concur in the opinion of the Court, and I am glad that the practice has been so fully and so clearly stated. There is, however, one point of practice in this Court that has never met my approval, and is its refusal to consider an ordinary petition for *certiorari* unless the Judge below has already signified in writing his willingness to amend the record in accordance with the wishes of the petitioner. Such a course does not seem to be in accordance either with the dignity of this Court or the rights of the petitioner, nor is it required by the courtesy due to the Judge below. If any error has occurred through no fault of the petitioner, he is entitled to have it corrected as a matter of right. The question is not whether the Judge is willing to correct the error, but whether the error has in fact occurred. We may rely upon the willingness of the upright gentlemen who hold our

CAMERON *v.* POWER CO.

Superior Courts to correct in all places and at all times any error they may have committed when called to their attention; and there is no reason why the matter should not be brought to their attention by this Court in due forms of law, as well as by counsel in private interviews. When a party under oath asserts that there are errors in the record, and points them out with such particularity that they can be easily ascertained one way or the other, I see no reason why a *certiorari* should not be granted, and the Judge who tried the case asked in a respectful manner whether or not the petitioner's allegations are true. The Judge's statement would import just as much verity then as it does now; and would be just as final. It would not be the slightest reflection upon him in any way, and would relieve him from the private and *ex-parte* importunities of counsel now unavoidable under the practice of this Court.

Another matter I deem proper to mention. As long as our judges retain their independence of thought and action, and I trust they always will, there will be radical differences of opinion in the decision of cases. Similar differences may exist as to the adoption of rules of practice, but in such cases custom does not permit any written dissent. It follows that the adoption of a rule does not imply its unanimous approval by the members of this Court, but simply that it met the views of a majority. In conclusion, I can only say, with the utmost respect for the Court, that there are many of its rules that received neither my vote nor my approval. After their adoption they become the rules of the Court, binding upon me as well as upon others; and as such have received recognition and support.