A. A. PAUL v. W. T. BURTON ET AL.

(Filed 15 September, 1920.)

1. **Appeal and Error—Instructions—Objections and Exceptions—Record—Statutes.**

   Errors in the charge of the court, or in granting or refusing to grant prayers for instruction, shall be deemed excepted to without the filing of any formal objections, if specifically raised and properly presented in the case on appeal, prepared and tendered in apt time; and when exceptions are taken they should be considered and passed upon by the trial court, and upon being overruled, made to appear in the record on the appeal to the Supreme Court. Consolidated Statutes, secs. 643, 641, 640, 590; Rev., 591, 590, 554.

2. **Same—Appearance After Verdict—Pleadings—Judgments—Pro · Confesso.**

   Where one of the defendants in an action appears for the first time after a verdict adverse to himself alone, not having filed an answer, and specifically excepts to the charge of the court, he is entitled to have the trial judge pass upon his exceptions, and, upon their being overruled, to have them incorporated in his case on appeal to the Supreme Court, when he has perfected it according to law, and it is reversible error for the trial court to decree that the allegations of the complaint be taken *pro confesso* against him, and refuse to consider his exceptions to the charge, and confine him to his exceptions to the overruling his demurrer to the complaint and the overruling of his motion for judgment *non obstante veredicto.*

3. **Same—Certiorari—Procedure.**

   Where the trial court erroneously refuses to consider appellant's exceptions to the charge; and in refusing to permit them to be incorporated in the case on appeal, a writ of *certiorari* will issue from the Supreme Court, directing the trial judge to restate the case on appeal so as to set forth these exceptions, and so much of the charge as may be required to show their true significance, and enable the Supreme Court to properly pass on their merits.

CIVIL ACTION, tried before *Cranmer, J.,* and a jury, at May Term, 1920, of BEAUFORT.

From a perusal of the record it appears that plaintiff instituted his action in said court against the National Auction Company, S. A. Eure, and W. T. Burton, trading as Burton Brothers, and filed his complaint therein duly verified, construed on the hearing as setting forth two causes of action against defendants, one for breach of contract, and the second for libel in publishing in the papers a repudiation of said contract, said publication alleged to have contained false and defamatory matter concerning plaintiff and his claims, made thereunder; that defendants Eure and the National Auction Company filed verified answer in substantial

denial of plaintiff's allegations, and no answer was made by defendant Burton, nor did he appear at the hearing till after verdict rendered.

This cause came on for trial at May Term, 1920, and the jury rendered the following verdict:

"1. Did defendants, Auction Company and Burton, make and enter into a contract with plaintiff, as alleged in the complaint? Answer: 'Yes.'

"2. If so, was plaintiff ready, able, and willing to perform the same on his part? Answer: 'Yes.'

"3. Did said defendants wrongfully breach said contract, as alleged? Answer: 'Yes.'

"4. If so, what damage has plaintiff sustained by reason of the breach thereof? Answer: 'None.'

"5. Was the publication of the notice in the *Daily News* of 31 May, 1917, wrongful and unlawful on the part of the defendant Burton, and did plaintiff request said defendant before its publication not to publish the same? Answer: 'Yes.'

"6. If so, what damage has plaintiff sustained by reason of the said publication by said W. T. Burton, trading as Burton Brothers? Answer: '$2,500.' "

There was judgment on the verdict in terms as follows:

"This cause coming on to be heard at the above term of court before his Honor, E. H. Cranmer, judge presiding, and it appearing to the court that the defendant W. T. Burton, trading as Burton Brothers Company, has entered no appearance and filed no answer, and the matter having been submitted to the jury, and the jury having answered the issues as set out in the record:

"It is now, on motion of Small, MacLean, Bragaw & Rodman, J. D. Paul, and Ward & Grimes ordered, adjudged, and decreed that the allegations of the complaint be taken pro confesso as against said Burton, and that the plaintiff, A. A. Paul, recover of the defendant, W. T. Burton, the sum of twenty-five hundred dollars ($2,500), and the costs of the action, to be taxed by the clerk."

It further appears in the case on appeal that while the defendant Burton was not present at the trial before the jury, he did appear after verdict rendered, and, through his counsel, moved to set the same aside "for mistake, surprise, and excusable neglect," Cons. St., sec. 600, Rev., sec. 513, and for other reasons, excepted to the order denying his motion, and to the judgment, appealed therefrom in open court, and in his case on appeal, tendered in apt time, set forth and urged for error certain exceptions to the charge of the court. These proposed exceptions the court declined to consider, and in the case on appeal restricted appellant to two positions:

1. A demurrer *ore tenus* to the complaint on the grounds that it did not state a cause of action.

2. A motion for judgment *non obstante veredicto.*

These positions having been overruled, and judgment entered as stated, defendant Burton appealed, assigning errors.

*Ward & Grimes, John D. Paul and Small, MacLean, Bragaw & Rodman for plaintiff.*

*Skinner & Whedbee, W. A. Lucas, and Wiley C. Rodman for defendant.*

HOKE, J.    Without adverting to the various objections presented in the record, except to say that the publication complained of seems to be of a libelous tenor, the statutes more directly appertaining to the principal exception, and authoritative decisions construing the same, are to the effect that errors in the charge, or in granting or refusing to grant prayers for instructions, shall be deemed excepted to "without the filing of any formal objections," and, if specifically raised and properly presented in the case on appeal, prepared and tendered in apt time, they shall be considered and passed upon by the trial court, and made to appear in the record.    This was held in the case of *Lowe v. Elliott,* 107 N. C., 718, where the positions applicable are stated as follows:

"(1) Exceptions as to all matters other than the charge must be taken at the time.

"(2) Exceptions to the charge, and for refusing to give special instructions, are in time if taken at or before the stating of the case on appeal, though the better practice is to assign all exceptions in making motion for new trial.

"(3) The appellant is entitled to have his assignments of error to the charge, and for refusing or granting special instructions, if set out by him in his statement of case on appeal, incorporated by the judge in the case settled.    If they are omitted, *certiorari* will lie."

This well considered decision has been again and again approved as the correct interpretation of the statutes applicable and controlling on the subject.    *Cameron v. Power Co.,* 137 N. C., 99; *National Bank v. Sumner,* 119 N. C., 591; *Bernhardt v. Brown,* 118 N. C., 701, etc.; Consolidated Statutes, secs. 643, 641, 640, 590; Revisal 1905, secs. 591, 590, 554.

In *Cameron's case,* speaking to the question, the Court said:    "The assignment of errors must appear in the case, and appear, too, as the appellant frames it, otherwise he may be deprived of a most important and valuable right given by the statute.    The judge may say what the evidence was, and also what was the charge when it was not in writing,

but he may not say how the alleged errors in it shall be excepted to or assigned by the appellant, nor can he omit the assignment of errors from the case because he ,does not believe it was properly made or does not conform to the rulings upon the prayers for instructions or to the charge, provided it was set out in the case on appeal as tendered by the appellant. As to all matters concerning which the judge's statement is conclusive upon us we will not grant a *certiorari* for the purpose of having the case amended, unless it appears that an error or mistake has inadvertently been committed by the judge, and it appears further that there are reasonable grounds to believe that the judge will correct the case if he is afforded an opportunity to do so. *Porter v. R. R.,* 97 N. C., 63; Clark's Code (3 ed.), pp. 935, 936. But in respect to an assignment of errors made in the appellant's case, he is entitled to have it stated in the case on appeal settled by a judge as matter of right."

There was error, therefore, to appellant's prejudice in declining to consider his exceptions to the charge, and the writ of *certiorari* will issue, directing the trial judge to restate the case on appeal so as to set forth, in addition, these exceptions, and so much of the charge and evidence pertinent as may be required to show their true significance, and enable the court to properly pass on their merits.

Error.