GEORGE E. CHERRY, JR., v. THE ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 17 October, 1923.)

1. **Carriers—Railroads—Employer and Employee—Master and Servant—Negligence—Evidence—Instructions—Appeal and Error.**

Where, in an action to recover damages against a railroad company negligently inflicted upon an immature employee, the questions are presented for the determination of the jury, whether the lad had been killed in consequence of his having negligently been sent by defendant's agent on defendant's business upon a dangerous errand in defendant's freight yard among moving trains, or whether his killing was caused by a pile of cinders negligently left by defendant at the side of its track in violation of a city ordinance, it is reversible error for the trial judge in his instructions to the jury to exclude from their consideration the question of defendant's negligence on the second phase of the case, and confine them solely to the consideration of the evidence on the first one.

**2. Appeal and Error—Instructions—Objections and Exceptions.**

Exceptions to the judge's charge taken for the first time after the trial, but set out in the appellant's case on appeal duly tendered or served, are aptly taken under the provisions of our statute, C. S. secs. 643, 520(1). And an exception to a previous intimation of the judge made upon the trial to the effect objected to, is not required.

APPEAL by plaintiff from *Grady, J.,* at May Term, 1923, of PITT.

Civil action to recover damages for physical injuries caused by alleged negligence of defendant company. There were allegations, with evidence, tending to show that on the afternoon of 6 April, 1909, plaintiff, being at the time a minor of 12 years of age, he was sent by J. R. Moore, station agent of defendant company in Greenville, N. C., to mail a letter on a passenger and mail train of defendant, on the yard at the time and just in the act of moving out of the yard; that the letter was addressed to officers of defendant company; that plaintiff went up to the moving train and threw the letter into the mail car, running along the track a short distance to do so, and as he turned away he stumbled and fell over a pile of cinders dumped near the track by defendant company or its employees, rolled under the train, and thereby received painful and serious injuries, including a broken leg, etc.; that the dumping of these cinders was on a public street or avenue of the town and was in violation of a town ordinance in existence at the time and applicable to the conditions presented.

The defendant denied that J. R. Moore was agent or that the company was in any way responsible for his acts, denied the existence of the ordinance or any negligence in reference to this question, alleged contributory negligence on part of plaintiff, and offered evidence in support of its positions.

On issues submitted, the jury rendered verdict:

"1. Was plaintiff injured by negligence of defendant, as alleged in the complaint? Answer: 'No.'"

Other issues not answered.

Judgment on verdict for defendant, and plaintiff excepted and appealed, assigning for error chiefly his Honor's charge on the first issue: "If you find that Moore was agent, the burden being on plaintiff to so satisfy you, and the injury occurred as a result of his direction to plaintiff while he was acting in the scope of his authority as agent, you will answer the first issue 'Yes'; otherwise, you will answer it 'No.'"

*F. G. James & Son, F. C. Harding, and D. M. Clark for plaintiff.*
*Skinner & Whedbee for defendant.*

HOKE, J.   The allegations of the complaint and the evidence intro-
duced on part of plaintiff present, and are intended to present, the ques-
tion of defendant's liability in two aspects:

First, by reason of an alleged negligent order on part of defendant's
agent.

Second, the violation of a town ordinance applicable to conditions
presented and alleged to be a proximate cause of plaintiff's injury.

The two grounds of liability were distinctly recognized on a former
appeal in this cause, wherein *Associate Justice Adams,* delivering the
opinion, interpreting the complaint, said: "The principal alleged acts
of negligence are the breach of a town ordinance and the negligent
employment by defendant of an immature and inexperienced youth to
go upon a dangerous mission."   *Cherry v. R. R.,* 185 N. C., 90-92.

The ruling in respect to the violation of a valid town ordinance, when
shown to be the proximate cause of plaintiff's injury, or one of them, is
in accord with our decisions on the subject (*Stultz v. Thomas,* 182
N. C., 471; *Paul v. R. R.,* 170 N. C., 230), and there was prejudicial
error, therefore, in restricting the issue of liability to the question of
the agency of Moore and his conduct in the matter.   It is contended for
defendant that plaintiff is precluded from this, his principal objection,
by reason of an entry appearing in the case on appeal immediately pre-
ceding his Honor's charge, in terms as follows:

"The court then stated that upon the first issue he would charge the
jury that in order for them to answer it in the affirmative, they would
have to find that the plaintiff was sent to mail the letter by an agent of
the defendant while acting in the scope of his authority, to which there
was no exception, the case having been heard upon the theory that plain-
tiff was injured while acting under the direction of the defendant's local
agent.   Whereupon the court charged the jury as follows:"   But, in our
opinion, this position cannot be maintained.

It is the approved construction of our statute regulating appeals, more
especially C. S., secs. 643 and 520, subsec. 2, that exceptions to the
charge are not required to be made at or immediately after the trial,
but appellant is entitled to have them considered if they appear for the
first time in the case on appeal, where the same is tendered in apt time.
*Paul v. Burton,* 180 N. C., 45, citing *Bernhardt v. Brown,* 118 N. C.,
700; *Lowe v. Elliott,* 107 N. C., 718; C. S., sec. 590, subsec. 2, and other
cases.   And a party is not to be deprived of this privilege because the
trial judge sees proper in advance to intimate what his instructions will
be, unless the propositions as stated are expressly agreed to by the par-
ties.   When they become and are made a part of the charge, they are
open to exception, as the statute provides.   True, the entry referred to
closes with the statement that the case was tried on the theory that

plaintiff was injured while acting under the direction of defendant's local agent, but there is nothing in the record to indicate that appellant assented to any such procedure, and in the absence of such assent he was entitled to have his cause presented to the jury in every aspect that his pleadings and evidence would justify, and a failure to do this in any substantial or essential feature of the case will constitute reversible error. *S. v. Merrick,* 171 N. C., 788-795.

In our opinion, there should be a new trial of the cause, and it is so ordered.

New trial.