MARIE RICE v. SWANNANOA-BERKELEY HOTEL COMPANY, A CORPORATION.

(Filed 26 February, 1936.)

**1. Trial E c—Denomination of special instructions of law "contentions" held prejudicial error.**

In apt time defendant tendered a request for special instructions embodying principles of law, correctly stated, applicable to the evidence. The trial court gave the jury the instructions requested, and then instructed the jury that the requested instructions given constituted the defendant's contentions. *Held:* The designation of the special instructions of law as "contentions" of defendant constitutes reversible error, since it may have misled the jury to defendant's prejudice.

**2. Appeal and Error F a—**

Where appellant, in apt time, excepts and assigns error to the charge, a formal objection to the charge is not needed in order for the exception to be considered on appeal. N. C. Code, 590 (2).

APPEAL by plaintiff from *Oglesby, J.,* at Regular December Term, 1935, of BUNCOMBE. Affirmed.

This action was commenced and tried in the general county court of Buncombe County, N. C., before his Honor, J. P. Kitchin, judge, and a jury. The action was for actionable negligence, brought by plaintiff against defendant, alleging damage.

The plaintiff, a professional dancer and performer, was a guest in defendant's hotel, and was injured about 12:45 the night of 21 December, 1934, by slipping and falling on the floor. The gravamen of the complaint is to the effect that defendant was negligent in having an excessively slippery condition of the floor near the elevator, and not lighted sufficiently. That without notice of the dangerous condition of

the floor, the plaintiff went to the elevator, as was her custom, to go to her room, and slipped and fell. She alleged that the proximate cause of her injury was the dangerous condition of the floor.

The defendant denied the material allegations of the complaint, and alleged: "That on or about the night of 21 December, 1934, prior to, at, and after plaintiff fell, as aforesaid, defendant, through its employees, was engaged in scrubbing and washing the lobby floor of said Swannanoa-Berkeley Hotel, and that in all respects said work was conducted in a reasonable, proper, careful, and prudent manner. That prior to said fall, plaintiff was present in said lobby during the greater part of said scrubbing and washing, and well knew the temporary condition of said floor, and, up to the moment of said fall, was repeatedly warned and cautioned by the defendant that the portion thereof which was in the process of scrubbing was slippery, and was further warned and requested by the defendant to keep off the same; notwithstanding said warnings, and in willful disregard thereof, the plaintiff deliberately, knowingly, negligently, and willfully went over and upon such portion of said floor in the proximity of said elevator, and by her own negligence caused and contributed to any injuries she may have sustained, and such negligence is hereby pleaded in bar of recovery."

The issues submitted to the jury and their answers thereto were as follows:

"1. Was the plaintiff injured by the negligence of the defendant, as alleged in the complaint? Ans.: 'Yes.'

"2. Did the plaintiff by her own negligence contribute to her injury, as alleged in the answer? Ans.: 'No.'

"3. What damages, if any, is the plaintiff entitled to recover of the defendant? Ans.: '$3,500.' "

The general county court rendered judgment on the verdict. The defendant made numerous exceptions and assignments of error and appealed to the Superior Court. On certain exceptions and assignments of error made by defendant, the Superior Court sustained same and rendered the following judgment, in part: "It is further ordered, decreed, and adjudged that the verdict of said general county court be and is hereby set aside, the judgment of said court reversed, and the above cause remanded for a new trial." The plaintiff excepted and assigned error to the judgment of the Superior Court, and made other exceptions and assignments of error and appealed to the Supreme Court.

*Zeb. F. Curtis and Geo. F. Meadows for plaintiff.*
*Adams & Adams for defendant.*

CLARKSON, J. The trial of this action was in the general county court of Buncombe County, N. C. From a careful examination of the

record and charge by the judge in that court we see no error, except in one particular. The judge of the Superior Court sustained the following exception and assignment of error made by defendant in the general county court: "I charge you, gentlemen, that the charge I incorporated given by the defendant was its contention, one of its contentions, which it is entitled to have heard."

In the record is the following: "Defendant has asked me to give you these instructions: *First:* A hotel or innkeeper is not an insurer of the safety of his guests, but is only required to exercise ordinary care in the maintenance and operation of his hotel, that is to say, that degree of care which an ordinarily prudent man in a similar relation and under like conditions and circumstances would exercise, and as to the first issue, that of negligence on the part of the defendant, the burden is upon the plaintiff to satisfy you by the greater weight of the evidence that the defendant has violated this rule in some respect, and unless you do so find, you should answer the first issue 'No.' *Second:* The washing of the floor was not in itself negligence, as it was an obligation or duty on the part of the defendant to keep it washed, and as to the first issue the burden is upon the plaintiff to show you by the greater weight of the evidence that the defendant in some respect failed to exercise ordinary care in washing the floor, and that such failure was the proximate cause of the injury, if you should find that plaintiff was injured. *Third:* The burden of the second issue as to contributory negligence is upon the defendant to satisfy you by the greater weight of the evidence that the plaintiff by her own negligence contributed to such injury as you may find she received, if any, but if you find from all the evidence, and the greater weight thereof, that the plaintiff saw the floor during the period it was being washed, and after being warned that the floor was slick, and that she knew, or should have known, of its condition, then the court charges you that her use of such floor under the conditions above outlined would be negligence, and if such negligence was the proximate cause of the injury, the plaintiff would be guilty of contributory negligence and you would answer the second issue 'Yes.' *Fourth:* If you shall find from all the evidence that the floor or lobby of the hotel was slick during the period it was being washed and there was danger of slipping or falling in attempting to walk across the same, and shall further find that the plaintiff saw, or should have seen, by the exercise of due care, the condition and danger of said floor, and shall further find that she knew she could have reached her room by way of the stairs without crossing any portion of the floor then being washed, but that she continued and stepped on the floor then being washed and slipped and fell, then plaintiff (if you find such conduct was negligence, as I have defined negligence to you), and that it was one of the proximate causes

of her injury, that the floor and stairway were both equally accessible and available to the plaintiff, and she knew of the condition of the floor at the time she crossed upon it, then you would be warranted in answering the second issue 'Yes,' the burden being upon the defendant to so satisfy you—I changed that fourth a little bit. You may retire, gentlemen."

Then follows: "The court: I charge you, gentlemen, that the charge I incorporated given by the defendant was its contention, one of its contentions, which it is entitled to have heard."

Whatever the trial court may have intended, the ordinary and natural meaning of the words is that the jury was to consider defendant's *instructions* as *contentions*. This may have misled the jury, and we think it is prejudicial and reversible error. To designate *special instructions of law,* correctly stated, applicable to the evidence of the case, and given by the court as *contentions of the parties,* is error.

N. C. Code, 1935 (Michie), sec. 590, is as follows: "(1) If an exception is taken upon the trial, it must be reduced to writing at the time with so much of the evidence or subject matter as may be material to the exception taken; the same must be entered in the judge's minutes and filed with the clerk as a part of the case upon appeal. (2) If there is error, either in the refusal of the judge to grant a prayer for instructions, or in granting a prayer or in his instructions generally, the same is deemed excepted to without the filing of any formal objections."

The defendant, under subsection 2, *supra,* in apt time made the exception and assignment of error, as is required by the statute, and "without the filing of any formal objections" has been the practice from "time whereof the memory of man runneth not to the contrary." N. C. Code, 643; *Paul v. Burton,* 180 N. C., 45 (47); *Cherry v. R. R.,* 186 N. C., 263 (265); McIntosh, N. C. Prac. and Proc. in Civil Cases, *supra,* sec. 580, p. 642. See, also, McIntosh, sec. 575, *et seq.,* p. 633, *et seq.*

We have been impressed in the many cases coming to this Court from the general county court of Buncombe County, N. C., with the careful and painstaking manner with which the able and learned judge of that court tries the cases. There is an old saying that "accidents happen in the best regulated families"—so it is with judges.

For the reasons given, the judgment of the court below is

Affirmed.