Civil action for recovery of damages for injury to person resulting from alleged actionable negligence.
The undisputed facts are these: Plaintiff, a boy 14 years of age, was injured on 17 March, 1937, in a collision between a small, homemade wagon in which he was riding, and traveling east on West Cabarrus Street in the city of Raleigh, North Carolina, and a truck of defendant, traveling west on said street and operated by defendant's driver who was acting for and in behalf of the defendant, and in the scope of his employment and in the line of his duty. The collision occurred east of the intersection of West Cabarrus Street and South McDowell Street.
Plaintiff alleges, inter alia, that his injury is the proximate result of the negligence of defendant in operating its truck on its left of the center of West Cabarrus Street in a negligent and careless manner without keeping a proper lookout and without exercising the care of an ordinarily prudent person, and in failing to exercise due care after the driver discovered, or by the exercise of ordinary care should have discovered, the plaintiff traveling on his right side on said street.
Plaintiff offered evidence tending to show that the collision occurred while his said small wagon was traveling on his right side of the center line of the street, and while the truck of defendant was traveling on its left side of the center line of said street; that the truck entered West Cabarrus Street from the north on South McDowell Street, and proceeded in an easterly direction up West Cabarrus Street; and that in so doing the truck "cut the corner," that is, passed to the left of the center of the intersection, at "about 25 miles per hour, picking up speed to go up that hill," and continued to the left of the center of West Cabarrus Street to the point of the collision, variously estimated from thirty-five feet or more from the intersection.
Defendant denied allegations of negligence and pleaded contributory negligence of plaintiff. Defendant offered evidence tending to show that the truck was traveling on its right side of the street; that the driver saw the plaintiff and his wagon on plaintiff's right side of the street; that after passing the driver the wagon of the plaintiff turned sharply into the left rear wheel of the truck; and that plaintiff admitted that the left front wheel of his wagon came off, causing the wagon to turn into the line of travel of the truck. The plaintiff denied the admission. *Page 408 
The case was submitted to the jury on issues as to negligence, contributory negligence and damage. From judgment on adverse verdict, defendant appeals and assigns error.
Taken in the light most favorable to plaintiff, the evidence disclosed in the case on appeal is sufficient to take the case to the jury. The issues of fact were submitted to the jury, and answered adversely to contention of defendant. There is no error in refusal of motion for judgment as of nonsuit.
Exceptions to the charge not set out in statement of case on appeal will not be considered on appeal. Rule 21 of Rules of Practice in the Supreme Court, 213 N.C. 808. Paul v. Burton, 180 N.C. 45, 104 S.E. 37; Cherryv. R. R., 186 N.C. 263, 119 S.E. 361.
No error.