WILLIAM A. GRAHAM *v.* THE CHARLOTTE & S. C. RAIL ROAD COMPANY.

The *venue* in an action against a Railroad Company, can be laid only in some county wherein the track of its road, or some part thereof, is situated; actions brought otherwise are to be dismissed.

CIVIL ACTION upon Railroad Bonds, tried before *Tourgee,* *J.,* at Spring Term 1870, of ORANGE Court.

The defendant set forth, that no part of the track of said road is situated in the county of Orange, and that the only county in the State, in which such road is situated, is Mecklenburg,—and demanded that trial should be removed to the latter county, according to C. C. P., s. 69.

The Court, after finding the facts to be as stated by the defendant, was of opinion that in cases where Railroad Companies *are defendants,* upon comparing the act of 1868–'9, c. 257, with that of 1868–'9, c. 277, actions may be brought in the Court of the county of either party; and thereupon, refused to make the order.

The defendant appealed.

*Phillips & Merrimon,* for the appellant.
*Battle & Sons, contra.*

PEARSON, C. J. The Code of Civil Procedure, by Title VI, fixes " the place of trial." Title VII, relates to the sum-

mons: It shall be issued by the Clerk of any Superior
Court; run in the name of the State; be directed to the
Sheriff of the county where the defendant resides or may be
fouud; shall summon the defendant to appear at the office
of the Clerk of the Superior Court for some certain county;
the officer, to whom it is addressed, shall note on it the day
of its delivery to him, and return it by mail, or otherwise, to
the Clerk of the proper county—and many other details.
But, strange to say, the provision as to the county to which
the summons shall be returnable, is not set out, except at
the end of paragraph 2, sec. 74, by way of inference from the
provision: "The Clerk, before whom the defendant shall
be summoned to appear, shall be the Clerk of the county in
which it is provided in Title VI, that the action shall be
tried." So "the county in which the action shall be tried,"
is the prominent idea. If the county designated in the sum-
mons as "the place of trial" be not the proper county, the
action may be tried there, unless the defendant shall demand
in writing, that the trial be had in the proper county, and
the plan of trial be changed: Sec. 69. The relevancy of this
remark will appear below.

"The summons shall be returnable to the regular term of
the Superior Court of the county where the plaintiffs, or one
of them, or the defendants, reside:" Acts 1868–'9, ch. 81,
altering the Code of Civil Procedure, in regard to the return
of the summons, and making it returnable to the county
where the plaintiff or the defendant resides, at the election
of the plaintiff. This is done in language, such as our
Statutes had been accustomed to use.

"The 'venire in actions' against Railroad corporations,
shall be laid in some county wherein the track of said com-
pany is situated:" Acts 1868–'69, ch. 257. We take it,
that "'venire" is a mis-print for "venue," or 'the place of
trial," going back to the prominent idea of the Code of Civil

GRAHAM v. CHARLOTTE & S. C. R. R. Co.

Procedure. Originally in England writs were returnable to the Courts at Westminster, and every fact alleged in pleading, was laid with a venue, to fix the vicinage, or county, to which the "venire" should issue, and from which the jury should come. Afterwards the *nisi prius* clause was resorted to, so as to have the trial in the county where the "venue" was laid. That became a very important matter, for it fixed "the place of trial," and it was provided by Statute that all subsequent pleadings should conform to the declaration in respect to the venue, except in matter in its nature local, unless the venue was changed by leave of the Court.

In this State, by the procedure before the Code, writs, except in local actions, were returnable to the Court of the county where the plaintiff or the defendant resided, and that was the county in which the venue was laid, and was the place of trial, unless the case was removed to some other county for trial, on affidavit. This *resume* is made in order to show that the word "venire," in the acts 1868–'69, ch. 257, is used in the sense of "place of trial," adopting the idea of the Code of Civil Procedure. The word is inartificially used, and the draftsman was not an expert in technical terms, but it is the only construction by which to make any sense of it, and the Court must adopt it.

Taking the Code of Civil Procedure, and the acts 1868–'69 chs. 26 and 257 together, the effect is: in all civil actions, other than local, the summons shall be returnable, and the trial be had in the county where the plaintiff or the defendant resides, at the election of the plaintiff, provided, however, that in actions against *Railroad corporations*, the summons shall be returnable, and the trial be had in some county wherein the track of said company, or some part of it, is situated. In our case, the track of the road is situate in the county of Mecklenburg. It follows that the summons ought to have been returnable to a Term of the Superior

Court held in that county, and that it should be the place of trial, or of the venue.

It is unnecessary to notice the other objection, to-wit: that " the Judge had no power to enter judgment out of term time," further than to say, that the effect of the act of 1868–'69, " suspending the Code of Civil Procedure in certain cases," and requiring all writs of summons in civil actions to be returnable to the regular Terms of the Superior Courts, and not to the Clerk, may have the effect to relieve the Judge of the duty of keeping a docket of civil actions, and to so modify the Code of Civil Procedure as to make it irregular to enter judgment in such cases in vacation.

The judgment below is reversed, and the action dismissed.

PER CURIAM. Reversed.