### RUSSELL H. KINGSBURY vs. CHATHAM RAIL ROAD CO.

1. The Act of the General Assembly of 1868–'69, chap. 251, requiring that "the *venire* in actions against Rail Road Companies, shall be laid in some county wherein the track of said Rail Road, or some of it, is situated," is not in conflict with sec. 7, Art. I, of of the Constitution. The jurisdiction of the Courts, and the *venire* of actions have always been subjects of legislation.

2. The "repeal of a statute shall not effect any suit brought before the repeal, for any forfeiture incurred, or for the recovery of any rights accruing under such statute." *Rev. Code*, ch. 108, sec. 1.

3. The question as to where a case ought to be tried, is preliminary to the trial, and must be determined by the Judge. And this question can be as well tried on a motion to dismiss, (the facts being verified by affidavits) as upon a plea to the jurisdiction.

*Graham vs. Charlotte and S. C. R. R. Co.*, 64 N. C. 631, cited and approved.

This was a civil action tried before Watts, Judge, at Spring Term 1871, of Granville Superior Court.

The action was brought, as appears by the complaint, to recover an amount due for the hire of a slave in the year 1865. At the return term the defendant moved to dismiss the suit "upon the ground that the Court had no jurisdiction, for that the action should have been brought in some county where the track of the Chatham Rail Road, or some part thereof, is situated." An affidavit was filed, stating in substance, that no part of the track of the said Rail Road was in the county of Granville, where the suit was brought.

The Court upon argument refused to dismiss. From this judgment the defendant appealed.

*M. V. Lanier* for plaintiff.
*J. B. Batchelor* for defendant.

READE, J. *Graham v. Charlotte & S. C. Rail Road Co.*, 64 N. C. 631, was brought in Orange county, and was dismiss-

ed upon the ground that said Rail Road did not run in Orange county. It was dismissed under the provisions of the Act' of 1868–'69, ch. 257. "The *venire* in actions against Rail Road Companies shall be laid in some county wherein the track of Company or some of it is situated." This action is brought to Granville against the Chatham Rail Road Co., no part of which lies in Granville, and therefore upon the authority of the case cited above, it must be dismissed. The plaintiff's counsel insists that *Graham* v. *Charlotte & S. C. R. R. Co.*, and the Act upon which it is founded, are in conflict with the Constitution, Art. I, sec. 7, "No man or set of men are entitled to exclusive or separate emoluments or privileges from the community but in consideration of public service."

The jurisdiction of the Courts and the *venire* of actions have always been subjects of legislation. It has some times been provided that certain actions should be brought in the county where the defendant resided, sometimes where the plaintiff resided, sometimes to either county, sometimes before Justices of the Peace, sometimes in the County Court and sometimes in the Superior Court; and we are not aware that the power of the Legislature was ever before questioned. The novelty of the position is somewhat against it. The *venire* and jurisdiction are regulated for the convenience of administering justice, and not for the purpose of conferring exclusive emoluments or privileges.

In the next place it is insisted that the Act of 1868–'69, was repealed by Act of 1870–'71, chap. 281. Suppose that to be so, this action was commenced before that act and was brought pending the Act of 1868–'69, ch. 257. And then it is provided that the "repeal of a statute shall not affect any suit brought before the repeal, for any forfeitures incurred or for the recovery of any rights accruing under such statute." *Revised Code*, ch. 108, sec. 1.

In the next place it is insisted that the objection could not be taken by motion and affidavit, but must be taken by plea,

because the plaintiff might desire to have the issue submitted to a jury as to whether the road was in the county. The answer is that by a counter-affidavit he might have raised the question, and His Honor might have submitted an issue to the jury if he had desired, or might have determined the fact himself.

The question as to *where* the case ought to be tried is certainly preliminary to the *trial of the case*, and must be determined by the Judge. Even if a plea were necessary, then what was done in this case may be treated as a plea. The defendant comes into Court and "submits the following motion to dismiss. The defendant in this case comes into Court and moves to dismiss the suit upon the ground that this Court has no jurisdiction of the matters in controversy for the reason that the said action should have been brought to the Superior Court of some county where the track of said Railroad Company or some part thereof is situated." And then it is verified by affidavit that no part of the Road is in Granville, &c. Now, if these facts had been stated under the *name of a plea* and a motion to dismiss based on them it is conceded by plaintiff that it would have been proper. There is no difference in substance between pleading the facts and founding the motion on the plea, and making a motion and sustaining it by a plea of verification.

At any rate the plaintiff had the right to file counter-affidavits and raise the question; which he did not offer to do.

THERE IS ERROR. Judgment reversed and the case dismissed.