A. C. AVERY, Ex'r, et als. v. J. R. PRITCHARD et als.

*Appeal—Docketing and Dismissing.*

1. Where, after appeal taken, the appellant neglects to have a transcript docketed in the Supreme Court, the Superior Court may, upon proper notice, adjudge that the appeal has been abandoned, and proceed in the cause as if no appeal had been taken.

2. While the Supreme Court may take notice of an appeal as soon as it is perfected in the Court below, for the purpose of bringing it up, it is not properly pending in the Supreme Court until it has been docketed.

3. Where an appellant neglects to prosecute his appeal, the appellee may either move to docket and dismiss under the rule, or he may proceed with the action in the Superior Court.

(*Wilson* v. *Seagle*, 84 N. C., 110; *Cross* v. *Williams*, 91 N. C., 496, cited and approved).

This was a MOTION by the plaintiff to docket and dismiss an appeal, heard at October Term, 1885, of the Supreme Court.

The facts appear in the opinion.

*Mr. E. C. Smith*, for the plaintiffs.
No counsel for the defendants.

MERRIMON, J. On the 27th day of March, 1884, the Court, at Chambers, adjudged that the defendant—the appellant—was in contempt of the Court, and on that account he should pay a hundred dollars, and, also, made an order continuing the injunc-

tion before that time granted in the action, until the hearing of the case upon the merits.

The appellant failed to bring up his appeal to this Court, and at the present term, the appellees produced a duly certified transcript of the record of the action, and moved for leave to file the same, and docket and dismiss the appeal.

After the lapse of the time within which the appellant ought to have docketed his appeal in this Court, the Superior Court might, upon proper notice, have adjudged that the defendant—appellant—had abandoned his appeal, and proceeded in the action as if it had not been taken. While this Court, upon proper application, can take notice of an appeal as soon as it is perfected in the Court below, for the purpose of bringing it to this Court, it is not pending here until it is brought up and docketed as the law directs. If the appellant shall fail in this respect—if he abandons his appeal before it reaches this Court, there is no reason why the Superior Court may not so adjudge, and proceed in the action; indeed, it ought to do so, to the end, the appellee may promptly have the fruit of his judgment. The law prescribes methods of procedure, and allows parties to actions just opportunities to avail themselves of such methods, but it does not allow them to be perverted by one party to the prejudice of another.

As the appeal in this case was not brought up to the October Term, 1884, of this Court, as regularly it ought to have been if the appellant intended to prosecute it, the appellees might have filed a transcript of the record and docketed the appeal here at that term, and moved to dismiss the same as allowed by Rule II., §8. This was not done then, but we see no reason why it should not have been done. The appellees are certainly entitled to rid the action of the appeal taken and not prosecuted. They may do, this in the Superior Court in the way above indicated, or docket it in this Court and move to dismiss it. *Wilson* v. *Seagle*, 84 N. C., 110; *Cross* v. *Williams*, 91 N. C., 496.

The motion to docket and dismiss the appeal must be allowed.

Motion allowed.