*F. C. FISHER v. THE CID COPPER MINING COMPANY.

*Removal of Cause — Cost of Transcript.*

When an action is ordered removed to another county, it is error in the Judge presiding in the Superior Court of the county from which the cause is removed. at the next term thereof, and before the term of the Court in the county to which it was removed, to direct that the action be dismissed if the costs of the transcript be not paid in a time specified. The party procuring the order of removal has until the term of the Court to which the cause is removed to deposit his transcript.

APPEAL by plaintiff from an order of *Philips, J.,* at September Term, 1888, of DAVIDSON Superior Court.

*Mr. F. C. Fisher* (by brief), for plaintiff.
*Mr. C. B. Watson,* for defendant.

CLARK, J.: The following order was made at June Term, 1888, of Davidson Superior Court, by *Connor, J.*

---

*Head notes by CLARK, J.

"On motion of plaintiff, supported by affidavits, it is ordered by the Court that this cause be removed to the Superior Court of Forsyth County for trial, and set down upon the docket of said Court for trial on Thursday of the second week of Fall Term, 1888."

And at September Term, 1888, of Davidson Court, the following order was made by *Philips, J.:*

"In this cause, it appearing to the Court that at the last term of this Court, on motion of plaintiff, an order was made for the removal of this cause to the Superior Court of Forsyth County; and it appearing to the Court that the plaintiff has failed to pay the Clerk's cost for making out transcript of the cause, it is now, on motion of the defendant, ordered that unless the said costs be paid by the plaintiff within fifteen days from the service of this motion upon Fred. C. Fisher, the plaintiff, and also of counsel for plaintiff, that the order for removal be revoked, and this cause stand dismissed at plaintiff's cost."

Upon the order of removal being made at June Term of Davidson Superior Court, the jurisdiction of that Court ceased, unless otherwise provided in the order of removal, or by consent of the parties in writing, duly filed. *The Code*, § 195 (3). *The Code*, § 1371, makes one exception to this rule, by providing that after the removal, subpœnas for witnesses and commissions to take depositions may issue from either Court. In *State* v. *Reid*, 1 D. & B., 377, RUFFIN, C. J., says: "After a cause has been transferred from one Court to another, whether by appeal or change of venue, the Court from which it has gone cannot proceed further in it. Whatever purports to be posterior to the loss of jurisdiction, is therefore erroneous, and probably void," and cites *Murry* v. *Smith*, 1 Hawks, 41.

The term of Forsyth Superior Court to which the cause was removed was held the latter part of October. The plaintiff was entitled till the first day of that Court to deposit his

transcript. If an imperfect transcript was deposited, a *certiorari* would issue to Davidson, and probably, also, if no transcript was deposited, upon proof of the order of removal. Upon such *certiorari*, the Superior Court of Davidson has the power to amend its records, if there are any defects. *State* v. *Swepson*, 81 N. C., 571; *State* v. *Reid*, *supra*, and cases cited in the latter case. Or the defendant might have waited until the term of Davidson Superior Court held next after the term of Forsyth Court, in which the transcript should have been filed, and then, upon proof of failure of compliance in that regard, he might have had the order of removal struck out. In *Avery* v. *Pritchard*, 93 N. C., 266, the Court says, in regard to a case removed by appeal: "After the lapse of time within which the appellant ought to have docketed his appeal in this Court, the Superior Court might, upon proper notice, have adjudged that the appellant had abandoned his appeal, and proceeded in the action as if it had not been taken." If the plaintiff did not pay the costs of the transcript, after demand, the Clerk might have had judgment against him for them, or he might refuse to deliver the transcript till costs are paid, and the plaintiff would lose his removal, or his appeal, as the case might be." *Andrews* v. *Whisnant*, 83 N. C., 446; *Bailey* v. *Brown*, at this term.

But we know of no authority in the Court of Davidson, before the term of Forsyth, to which the cause was removed, without notice, to order plaintiff to pay the costs of the transcript within fifteen days, under penalty, in case of failure, of the action standing dismissed. The order was *coram non judice*. Although the jurisdiction of Davidson Superior Court might have been exercised at the term next after Forsyth Court had been held, when, upon proof that plaintiff had not executed the order of removal by depositing the transcript, it might have struck out such order and proceeded as if such order had not been made, not even then

would it have been authorized, for that cause, to dismiss the action. Treated simply as a judgment to set aside the order entered at June Term, it could not have been made without notice. *Seymour* v. *Cohen*, 67 N. C., 345; *Sutton* v. *McMillan*, 72 N. C., 102; *Lyon* v. *McMillan*, 72 N. C., 392. A party is fixed with notice of all judgments and orders made in a cause pending in Court, but not with notice of a motion to set aside a final judgment or an order of removal, since the cause is no longer pending in that Court. In these cases he is entitled to notice. As the execution of the order of removal has been interrupted by this appeal, the plaintiff is entitled to execute it by depositing his transcript in Forsyth Superior Court on or before the next term in May. If he fails to do so, the defendant can proceed at the next term of Davidson held thereafter, as indicated in this opinion.

Error.