LEWIS T. CLINE v. BRYSON CITY MANUFACTURING COMPANY.

*Action    Against    Corporation — Residence — Change    of Venue.*

1. A domestic corporation has no residence within the meaning of Section 192 of *The Code*, and an action may therefore be brought against it by a non-resident plaintiff in any county, subject to the power of the Court to change the venue.

2. Where a defendant obtains a change of venue under Sec. 192 of *The Code*, in order to promote "the convenience of witnesses and the ends of justice," and fails to docket a transcript at the next ensuing term of Court for the county to which it is removed, the order of removal may be stricken out at the next term of the Court which granted it.

This was a MOTION made by the plaintiff upon notice to the defendant, before his Honor, *E. T. Boykin, Judge*

*presiding,* at the December Term, 1894, of the Superior Court of the county of BUNCOMBE, to vacate an order made by *Shuford, Judge,* at the August Term, 1894, of the Superior Court of Buncombe County.

This action was begun on the 3rd day of August, 1894, by service of the summons to be found in the record on E. Everett, the president of the defendant, which is a domestic corporation.

At the August Term, 1894, of the said Superior Court, the defendant moved, upon affidavit, to have said action removed to the county of Swain, and the order was made by *Shuford, Judge,* removing the same to said county of Swain.

The defendant failed and neglected to have a transcript of the record of said case sent up to said county of Swain at the next term of the Superior Court held for said county of Swain, and the Clerk of the Superior Court of the county of Buncombe did not send up said transcript because no fees were ever paid him to do so, and no demand or request was ever made by the defendant for said case to be sent to the Superior Court of Swain, except the motion for a removal, and neither did the Clerk make any demand for fees for said transcript.

A term of said Swain Superior Court had convened and adjourned since the August Term of the Superior Court of Buncombe County, and before the notice issued by the plaintiff to the defendant, notifying the said defendant that the plaintiff would move to have said order vacated.

His Honor, *E. T. Boykin,* after hearing the argument of counsel, made an order vacating the order made by *Shuford, Judge,* removing said cause to the county of Swain.

To this order the defendant excepted, and appealed.

*Mr. J. H. Merrimon,* for plaintiff.
*Messrs. Fry & Newby,* for defendant (appellant).

CLARK, J. :  In *Fisher* v. *Mining Co.*, 105 N. C., 123, 125, it is said that if, after obtaining an order for the removal of a cause to another County, the party obtaining the order does not docket the transcript at the next term of the Court to which it is removed, the Court from which it has been ordered to be removed can, at the first term held thereafter on proof of such failure, strike out the order of removal. This is in analogy to an appeal to this Court in which, if the transcript is not docketed here at the next term, the Court below on proof of that fact may, on proper notice, adjudge the appeal abandoned and proceed accordingly. *Avery* v. *Pritchard,* 93 N. C., 266.

The defendant insists however that this being a case where the removal was a matter of right and not resting in the discretion of the Judge, it was incumbent upon the opposite party and not on itself as the mover, to have the transcript docketed in the Court to which it was ordered to be removed. Whether such distinction exists is not before us now because the removal was not imperative, but it rested in the sound discretion of the Court whether " the convenience of witnesses and the ends of justice would be promoted by the change." *The Code,* 195 (2). *The Code,* Section 194, applies to foreign corporations. The defendant is a domestic corporation and for the purposes of venue may be sued in the County where the plaintiff resides, or, if he is a non-resident, in any County subject to the power of the Court to change the venue. *Code,* Sec. 192. There is no statute requiring that a domestic corporation shall be sued in the County where it has its principal place of business. If this were so, fire insurance companies could be sued upon their policies only in the county where their

principal office is located and actions for damages against railroad corporations, for the same reason, could only be brought in three or four Counties in the State.   There was a statute ( Act 1868–'9, Ch. 251 ) for a brief period which provided that a railroad corporation could only be sued in some County in which part of its track was located.   *Graham* v. *Railroad*, 64 N. C., 631.   But this was soon repealed by the Act of 1870–'71, Ch. 281; *Kingsbury* v. *Railroad*, 66 N. C., 284.   A corporation has a principal place of business but it has no " residence " within the meaning of Section 192 of *The Code*, and the residence of its officers and directors cannot be imputed to the corporation.   The defendant having failed tu docket the transcript in Swain Superior Court at the next term after it obtained the order of removal, the Judge at the next succeeding term of Buncombe Superior Court, which was held thereafter, properly struck out the order.

No Error.