LEMON RACKLEY v. THE ROWLAND LUMBER COMPANY.

(Filed 12 October, 1910.)

**Domestic Corporations—Residence—Venue—Removal of Causes.**
  Section 422, Revisal, fixing the residence of a domestic corpora-
  tion at its principal place of business, should be construed in con-
  nection with sec. 424, and a plaintiff may elect to sue the corpo-
  ration for damages for a personal injury in the county of his
  residence at the time of the commencement of the action, or at
  the residence of the corporation, and if in the former county it
  may not be removed to the latter one, on the ground of improper
  venue. *Propst v. R. R.*, 139 N. C., 397, and *Perry v. R. R.*, this
  term, cited and approved.

APPEAL from *Cooke, J.*, at the August Term, 1910, of WAYNE.
The facts are sufficiently stated in the opinion.

*W. T. Dortch* and *Geo. E. Hood* for plaintiff.
*Stevens, Beasley & Weeks* for defendant.

WALKER, J. This action was brought by the plaintiff in the
Superior Court of the county of Wayne, to recover damages for
personal injuries alleged to have been caused by the negligence
of the defendant. The plaintiff was an employee of the defend-
ant and was injured while working in its mill in the county of
Duplin, where its principal office is. The defendant moved that
the place of trial be changed to the county of Duplin, upon the
ground that the residence of the defendant, under Revisal, sec.
422, is in that county. The court found the following facts:
"1. The original charter of the defendant corporation, dated
28th day of June, 1899, located the principal offices at Golds-
boro, in the county of Wayne. 2. The injury complained of by
the plaintiff occurred in October, 1909. 3. The principal office
was changed, by amendment to charter made by Secretary of
State 22 January, 1910, to Bowden, in the county of Duplin.
4. The plaintiff was, at the time of the alleged injury, a resident
of the county of Sampson. 5. The alleged injury occurred at
Bowden. 6. This action was brought to Wayne Superior Court
on the 8th day of August, 1910, and at that time the plaintiff
was, and is now, a *bona fide* resident of the county of Wayne."

The Court adjudged that the venue was properly laid in Wayne County and refused the motion. Defendant excepted to this ruling and appealed.

The contention of the defendant is that sec. 424 of the Revisal does not apply to this case, as by sec. 422 it is specially provided that, for the purpose of suing and being sued, the principal place of business of a domestic corporation shall be its residence, and that this means that an action against a domestic corporation shall be brought in the county of its residence. We do not think this is the proper construction of that section. It was merely intended by these words to define what should be the residence of a domestic corporation, in determining under sec. 424 where an action, to which it is a party, shall be brought. It is provided by sec. 424 that in all other cases, that is, cases in which a contrary provision had not already been made, an action should be tried in the county in which the plaintiffs or the defendants, or any of them, shall reside at the commencement of the action, or if none of the defendants shall reside in the State, then in the county in which the plaintiffs, or any of them shall reside; and if none of the parties shall reside within the State, then the same may be tried in any county which the plaintiff shall designate in his summons and complaint, subject, however, to the power of the court to change the place of trial in the cases provided by statute. It will be seen that, by this section, an action for personal injuries may be tried in the county in which the plaintiff or the defendant resides. If the action is brought against a domestic corporation, the plaintiff may elect whether it shall be tried in the county of his residence or in the county where the defendant resides, and in the latter case the residence of the defendant shall be determined by the location of its principal place of business. If a suit is brought by a domestic corporation, it may lay the venue or place of trial in the county where it has its principal place of business, provided it is such an action as is embraced by the provisions of sec. 424. In other words, it is provided by sec. 424 that an action of the class therein mentioned shall be tried in the county in which the plaintiffs or the defendants shall reside at the commencement of the action, and considering

this section in connection with sec. 422, as we must do, it is further provided that, if a domestic corporation be either plaintiff or defendant, its residence shall be determined as provided by the latter section. It was not intended by sec. 422 that a domestic corporation must be sued in the county where it has its residence, even though the plaintiff may reside in another county, but the plain meaning is, that where it is necessary to determine the venue of an action, to which a domestic corporation is a party, by its residence, then and in that case, the county in which it has its principal place of business shall be considered as its residence. If the plaintiff does not sue a domestic corporation in the county of his own residence, he must then bring his action in the county where the defendant has its principal place of business. Sec. 422 (Acts 1903, ch. 803) was enacted because this Court had held, in *Cline v. Manufacturing Co.*, 116 N. C., 837, and *Alliance v. Murrell*, 119 N. C., 124, that a domestic corporation had no residence within the meaning of sec. 192 of the Code, now sec. 424 of the Revisal. Where, however, the venue of an action depends upon the residence of a party, under sec. 424, and that party is a domestic corporation, the venue should be laid in the county where it has its principal place of business. We have held at this term in *Roberson v. Lumber Co.* that the purpose of Revisal, sec. 422, was not to change the provisions of sec. 424, or to deny to the plaintiff the right to bring his action against a domestic corporation in the county of his residence. Neither section applies to those causes of action where the venue or place of trial is specially fixed by other sections of the Revisal, such as sections 419, 420 and 421, the sole purpose of sec. 422 being to remedy a defect in our statute law, which was pointed out in the two cases we have already cited. See also *Propst v. R. R.*, 139 N. C., 397, and *Perry v. R. R.*, at this term.

No error.