LICURKIS JONES AND OLIVE JONES v. M. DeWITT BRINSON AND WIFE, LESSIE R. BRINSON.

(Filed 4 November, 1953.)

**1. Courts § 2—**

Jurisdiction is the power of the court to decide a case on its merits and presupposes the existence of a duly constituted court with control over the subject matter and the parties.

**2. Venue § ½—**

Venue refers to the county in which the action is to be tried. Constitution of North Carolina, Art. IV, secs. 2 and 10.

**3. Courts § 2—**

Jurisdiction of the subject matter cannot be conferred on a court by consent of the parties, waiver or estoppel.

**4. Same—**

A court may obtain jurisdiction over the person of a party litigant by his consent since the constitutional right of a party litigant to be served with process in a legal manner is a personal privilege which he may waive.

**5. Venue § ½—**

Venue is not jurisdictional and may be waived by the parties or changed by their consent, express or implied.

**6. Venue § 4f—**

Where order for change of venue is entered, it is the duty of the party procuring the order, or either or both parties in case of removal by consent, to have the transcript of the record transferred to and deposited in the court to which the cause is ordered removed within the time limited, or, if no time is set forth in the order of the removal, within a reasonable time. G.S. 1-87.

**7. Same—**

Upon the entering of an order for change of venue, the court to which the cause is ordered removed does not acquire jurisdiction until the transcript, or at least enough thereof to allow the court to determine what is in controversy and what is to be adjudicated by it, is filed in the county of removal, but *eo instante* it obtains jurisdiction the court of original venue loses jurisdiction except for the purposes set out in G.S. 1-87 and G.S. 8-62.

**8. Same—**

Upon the entering of an order for change of venue, the jurisdiction of the court of original venue becomes dormant and that court is *functus officio* to deal with substantive rights of the parties during the interval for filing the transcript in the court to which the case is ordered removed.

**9. Same—**

In the event the transcript is not filed in the court to which the cause is ordered removed within the time limited by the order of removal or within a reasonable time if the order of removal fixes no time, the dormant juris-

diction of the court of original venue, on proper notice, may be reactivated for exclusive control of the cause.

**10. Same—**

This cause was ordered removed to another county, but no part of the transcript was ever certified to or filed in the court of removal. After seven regular terms of court had intervened in the county of removal, defendants issued notice to plaintiffs that they would move in the court of original venue for a hearing of the cause. Plaintiffs' counsel accepted service of this notice without objection or protest. *Held:* Plaintiffs waived their right to object to further proceedings in the court of original venue, and its dormant jurisdiction was reactivated.

**11. Judges § 2b: Judgments § 27a—**

After the expiration of the term of court at which judgment is entered, a special judge is without jurisdiction to hear a motion to set aside the judgment for surprise or excusable neglect. G.S. 1-220.

Appeal by plaintiffs from *Burgwyn, Special Judge,* at April Term, 1953, of Pamlico.

Civil action involving an accounting, heard below on exceptions to referee's report.

This action was originally instituted to establish a parol trust in land. It was here at the Fall Term, 1949, when this Court affirmed a judgment of the Superior Court sustaining the defendants' demurrer to the complaint for failure to allege facts sufficient to constitute a cause of action. *Jones v. Brinson,* 231 N.C. 63, 55 S.E. 2d 808.

When the case went back, a compulsory reference was ordered to determine matters of accounting between the parties, including the question of plaintiffs' liability on the injunction bond. The referee in his report filed 9 November, 1951, concluded upon facts found that the defendants are entitled to recover of the plaintiffs and their surety a stipulated sum. The plaintiffs in apt time filed exceptions to the material findings and conclusions of the referee.

These further disclosures appear from the record:

1. Excerpt from the minutes of the November Term, 1952, of Pamlico Superior Court:

"This case is transferred to Craven County Docket, by consent, in open court, and all counsel being present."

2. Certificates of the Clerk of the Superior Court of Pamlico County (included in the record on appeal, but not in the statement of case on appeal) disclose:

(a) Statement of the Clerk that when the case was ordered transferred to Craven County, "all the attorneys in the case agreed that when the case could be set in Craven County Superior Court that the papers would be called for by one of the attorneys employed in the case, however, the

papers were never actually conveyed to the Craven County Superior Court, to the knowledge of this affiant." (It nowhere appears that the papers were deposited there.)

(b) Statement of the Clerk that on 30 June, 1953, after adjournment of the April Term, 1953, of Pamlico Superior Court, he received from counsel for defendants an order signed by Judge Stevens at the April Term, 1953, of Craven County Superior Court (which convened 6 April, 1953), directing remand of the case to Pamlico County.

3. On 18 April, 1953, plaintiffs' counsel accepted service of the following notice from defendants' counsel:

"Notice is hereby given that the defendants will ask that their motion heretofore filed in this cause that the referee's report be affirmed and judgment entered thereon, be heard by his Honor Henry L. Stevens, Judge presiding at the April Term of the Superior Court of Pamlico County on the 28th day of April, 1953, at such hour as it may please the court to hear the same."

4. On Tuesday, 28 April, 1953, Judge Burgwyn, presiding at the April Term, 1953, of Pamlico Superior Court, entered judgment overruling the plaintiffs' exceptions and approving and confirming the referee's findings and conclusions, and decreeing that the defendants recover against the plaintiffs and their surety the sum of $590 with interest and costs.

5. Plaintiffs' counsel was not present when the case was heard and judgment entered.

From the judgment so entered, the plaintiffs appealed, assigning errors.

*Charles L. Abernethy, Jr., for plaintiffs, appellants.*

*A. D. Ward, Bernard Hollowell, and H. P. Whitehurst for defendants, appellees.*

JOHNSON, J. The plaintiffs' chief assignment of error is that the Superior Court of Pamlico County "had no jurisdiction" to hear the exceptions to the referee's report. The plaintiffs take the position that by virtue of the order of removal the Pamlico court lost jurisdiction of the case and the Craven court acquired it; and that while the Craven court thereafter entered an order remanding the case to Pamlico, nevertheless, the judgment based on the hearing in Pamlico was a nullity because the order of remand was not filed in Pamlico until after the hearing and entry of judgment. Thus, in the final analysis the plaintiffs' challenge to the jurisdiction of the Superior Court of Pamlico County rests on the contention that the actual filing in the Pamlico court of the order of remand was a *sine que non* to its recapture of jurisdiction.

The plaintiffs' contention is untenable. It discloses a failure to give due consideration to (1) the basic distinctions between "jurisdiction"

and "venue," and (2) the procedural requirements of G.S. 1-87 relating to transfer of jurisdiction on change of venue.

Jurisdiction is the power of a court to decide a case on its merits; it is the power of a court to inquire into the facts, to apply the law, and to enter and enforce judgment. Jurisdiction presupposes the existence of a duly constituted court with control over a subject matter which comes within the classification limits designated by the constitutional authority or law under which the court is established and functions. *Williams v. Williams,* 188 N.C. 728, 125 S.E. 482; *S. v. Hall,* 142 N.C. 710, 55 S.E. 806; 14 Am. Jur., Courts, Sections 160 to 162. Jurisdiction also presupposes control by the court over the parties litigant, duly acquired either by general appearance or by such service of process as brings them before the court, actually or constructively, in a constitutional sense. *Collins v. Highway Commission,* 237 N.C. 277, 74 S.E. 2d 709; McIntosh, North Carolina Practice and Procedure, pp. 6 and 7.

Venue means the place wherein the cause is to be tried. As it relates to the Superior Court of North Carolina, venue refers to the county in which the action is to be tried. *Graham v. Charlotte & S. C. R. Co.,* 64 N.C. 631; *Shaffer v. Bank,* 201 N.C. 415, 160 S.E. 481; Constitution of North Carolina, Art. IV, Sections 2 and 10. See also 56 Am. Jur., Venue, Sec. 2.

Jurisdiction over the subject matter of an action cannot be conferred by consent of the parties where it is not otherwise possessed by the court. Nor can jurisdiction in this sense be conferred by waiver or estoppel. In short, it may not be rested on agreements between the parties. "The question is whether the court is itself competent under any circumstances to adjudicate a claim against the defendant, not whether a competent court has obtained jurisdiction of a party triable before it." 14 Am. Jur., Courts, Sec. 184.

While it is true that no consent can give a court jurisdiction of the subject matter of an action which the court does not possess without such consent, it is equally true that a court may obtain jurisdiction over the person of a party litigant by his consent. This for the reason that it is a mere personal privilege of a defendant to require that he be served with process in a legal manner, and since it is a personal privilege—even though of a constitutional nature—he may consent to the jurisdiction of the court without exacting performance of the usual legal formalities as to service of process. *Springer v. Shavender,* 118 N.C. 33, 23 S.E. 976; 14 Am. Jur., Courts, Sec. 184.

Similarly, the venue of an action as fixed by statute or by former order of the court may be changed by consent of the parties, express or implied. *Griffin v. Griffin,* 237 N.C. 404, 75 S.E. 2d 133; *Heuser v. Heuser,* 234 N.C. 293, 67 S.E. 2d 57; *Bisanar v. Suttlemyre,* 193 N.C. 711, 138 S.E.

1; 56 Am. Jur., Venue, Sec. 43. Also, a litigant's rights as to venue may be waived. This because venue is not jurisdictional. *Shaffer v. Bank, supra; Rector v. Rector,* 186 N.C. 618, 120 S.E. 195; 56 Am. Jur., Venue, Sec. 2.

With us, the basic procedure to be followed in transferring jurisdiction on change of venue is prescribed by G.S. 1-87. This statute provides: "When a cause is directed to be removed, the clerk shall transmit to the court to which it is removed a transcript of the record of the case, with the prosecution bond, bail bond, and the depositions, and all other written evidence filed therein; and all other proceedings shall be had in the county to which the place of trial is changed, unless otherwise provided by the consent of the parties in writing duly filed, or by order of court."

In *Fisher v. Mining Co.,* 105 N.C. 123, 10 S.E. 1055, this Court recognized and applied the principle that the party procuring the order of removal, or either or both parties in case of removal by consent, has until the term of court to which the cause is removed in which to pay the costs, procure the transcript of the record, and deposit it in the court to which the transfer is ordered. See also *Cline v. Mfg. Co.,* 116 N.C. 837, 21 S.E. 791; *Eldred v. Becker,* 60 Wisc. 48, 18 N.W. 720; 67 C.J., p. 210.

Where, as here, the order of removal is by consent and no time is limited in the order of removal, it would seem, and we so hold, that the parties, or either of them, should have a reasonable time in which to deposit the transcript in the other court. *Howard v. Barbee,* 21 Ind. 221; 67 C.J., p. 210.

Here we are at grips with questions respecting the jurisdictional powers of the respective courts during the interval allowed for perfecting the order of removal. Jurisdiction cannot exist simultaneously in both courts, unless, as permitted by G.S. 1-87, it is "otherwise provided by the consent of the parties in writing duly filed, or by order of court." And there is the further exception that, by virtue of G.S. 8-62, subpoenas for witnesses and commissions to take depositions may issue from either court during the interval between the entry of the order of removal and the filing of the transcript in the court to which removal is ordered. Therefore, subject to these exceptions—none of which exists in the present case—when jurisdiction of the court to which the cause is removed attaches, the court of original venue *eo instante* loses jurisdiction. *S. v. Reid,* 18 N.C. 377; 14 Am. Jur., Courts, Sec. 195. And we think a fair interpretation of G.S. 1-87 is that until the transcript is filed in the court to which removal is ordered, it does not acquire jurisdiction over the cause. As to this, we do not mean to declare as a postulate that it is absolutely essential to the acquirement of jurisdiction by the court to which the venue is changed that a copy of the entire record be transmitted. It would seem to be sufficient to bring its power of jurisdiction

into exercise if enough is transmitted to enable the court to determine what is in controversy and what is to be adjudicated by it. Once this is done, defects may be cured, if need be, by *certiorari,* upon suggestion of a diminution of the record. *S. v. Reid, supra;* 56 Am. Jur., Venue, Sec. 76. Meanwhile, the jurisdiction of the court of original venue becomes dormant and that court is *functus officio* to deal with the substantive rights of the parties during the interval allowable for the filing of the transcript in the court to which the case is ordered removed.

In the event the transcript of removal is not filed within the time limited by the court, or within a reasonable time after the order of removal is entered where no time for removal is fixed, the dormant jurisdiction of the court of original venue, on proper notice may be reactivated for exclusive control over the cause. Such procedure is analogous to that followed on an appeal to this Court where, if the transcript is not docketed here at the proper time and *certiorari* is not sought or allowed, the Superior Court, on proof of such facts, may, on proper notice, adjudge that the appeal has been abandoned, and proceed in the cause as upon a recapture of its jurisdiction, as if no appeal had been taken. *Pentuff v. Park,* 195 N.C. 609, 143 S.E. 139; *Dunbar v. Tobacco Growers Co-op. Ass'n.,* 190 N.C. 608, 130 S.E. 505; *Jordan v. Simmons,* 175 N.C. 537, p. 540; 95 S.E. 919; *Avery v. Pritchard,* 93 N.C. 266.

In the case at hand, the record indicates that Pamlico is the county of original venue. The order of removal was entered at the term of court which convened in Pamlico on 3 November, 1952. It further appears that no transcript of the record was docketed in Craven County. Nor does it appear that the order of removal, or any jurisdiction-conferring memorandum in connection therewith, was certified to or filed in the Craven Court. The minimum requirements of G.S. 1-87 were never complied with. Therefore the Superior Court of Craven County never acquired jurisdiction over the cause. It was finally heard before Judge Burgwyn at the term of court which convened in Pamlico 27 April, 1953.

Here the question arises whether the dormant jurisdiction of the Pamlico court was sufficiently reactivated to restore its power to hear and determine the rights of the parties. We take judicial notice that seven regular terms of civil and mixed court were held in Craven County during the period the order of removal was outstanding, at either of which this cause might have been heard. These terms began on the following dates: 10 November, 1952; 17 November, 1952; 5 January, 1953; 26 January, 1953; 2 February, 1953; 9 February, 1953; and 6 April, 1953.

Neither party having taken steps to perfect the removal of the cause during the foregoing interval, either party had the right to move the Pamlico court for a reactivation of its jurisdiction, and have it determine, on notice to the other party, whether the order of removal should be

rescinded as upon abandonment of the right of removal. The defendants pursued this procedure in effect when they issued notice to the plaintiffs that they would move in Pamlico Superior Court for a hearing of the cause on 28 April, 1953. Plaintiffs' counsel accepted service of this notice. He lodged no objection or protest to the contemplated proceedings in the Pamlico court. The plaintiffs thereby waived their rights to object to further proceedings in Pamlico.

The order entered in the Craven Court at the April Term, 1953, directing that the cause be returned to Pamlico may not be treated as an acquirement of jurisdiction by the Superior Court of Craven County. At most the order of remand entered by the Craven court was but a disclaimer of jurisdiction—a declaration by that court that it would not assume jurisdiction over the case.

The fact that the order of remand was not filed in the Pamlico court until after the entry of Judge Burgwyn's judgment is inconsequential. In our view of the case, it was not essential that the order of remand be filed in Pamlico at all.

We have examined the rest of the plaintiffs' assignments of error and find them to be without substantial merit. They are overruled. The judgment of Judge Burgwyn will be upheld. This without prejudice to the rights of the plaintiffs to move before the proper court, if so advised, to have the judgment set aside for mistake, surprise, or excusable neglect under G.S. 1-220. Judge Burgwyn rightly declined to entertain a motion thereunder after the expiration of the term of court at which the judgment was entered. He was without jurisdictional power to act. *Shepard v. Leonard,* 223 N.C. 110, 25 S.E. 2d 445; *Ipock v. Land Bank,* 206 N.C. 791, 175 S.E. 127.

The judgment below is
Affirmed.