FRANCES HILLIARD BRENDLE, BY HER NEXT FRIEND, HOMER L. BRENDLE, v. RICHARD STAFFORD, THURMAN SMITH AND RONALD SMITH.

(Filed 8 May, 1957.)

**1. Venue § 1a—**

Where, in an action for personal injuries, the evidence supports the court's finding that at the time the action was instituted and summons issued and served on defendant, defendant was a resident of the county,

defendant's motion to remove as a matter of right is properly denied.  G.S. 1-82.

**2. Venue § 4b—**

A motion to remove for the convenience of parties and witnesses is addressed to the discretion of the court.

APPEAL by defendant Thurman Smith from *Olive, J.,* 18 March, 1957 Civil Term, GUILFORD Superior Court (High Point Division).

This is a civil action to recover damages for personal injury.  The defendant Thurman Smith made a motion to remove the cause to Forsyth County for trial as a matter of right upon the grounds (1) the injury occurred in Forsyth or Davidson County, (2) the plaintiff resides in Davidson County, the defendants reside in Forsyth County.  The defendant also asked that the cause be removed to Forsyth County for convenience of parties and witnesses.

Upon the evidence offered by affidavit, the court found as a fact that the defendant Richard Stafford, at the time suit was brought and process served, was a resident of Guilford County.  The court denied the motion to remove.  From the refusal, the defendant Thurman Smith appealed, assigning errors.

*J. F. Motsinger for defendant Thurman Smith, appellant.*
*J. W. Clontz for plaintiff, appellee.*

PER CURIAM.  The evidence, though conflicting, was amply sufficient to support the finding that the defendant Stafford was a resident of Guilford County at the time the action was instituted.  An action such as this may be brought in the county where the plaintiffs or the defendants, or any one of them, had residence at the time summons was issued. G.S. 1-82.  Removal for convenience is discretionary.

Affirmed.