FARMERS COOPERATIVE EXCHANGE, INC. v. MAURICE TRULL.

(Filed 16 June, 1961.)

**1. Courts § 3: Venue § 8—**

The Superior Court is a court of statewide jurisdiction, and a motion to remove from the Superior Court of one county to the Superior Court of another county does not present a question of jurisdiction.

**2. Venue § 4—**

A motion for change of venue for the convenience of witnesses rests in the sound discretion of the trial court, and its ruling thereon is not subject to review except for manifest abuse for such discretion. G.S. 1-83(2).

**3. Same—**

When motion for change of venue is allowed but the clerk fails to transmit the record, a motion in that court at a later term to rescind the order of removal and to reactivate its jurisdiction is addressed to the sound discretion of the court, and the refusal of the motion and the entry of an order of removal in accordance with the prior order will not be disturbed in the absence of abuse of discretion.

APPEAL by plaintiff from *Carr, J.,* First April Regular Civil Term 1961 of WAKE.

Action by plaintiff, which has its principal offices located at Raleigh, Wake County, to recover from defendant, a resident of Union County, for merchandise sold and delivered by it to him from its branch store at Monroe, Union County.

The summons was issued on 24 May 1960, and on the same day the complaint was duly filed in the office of the clerk of the superior court of Wake County.

Defendant was granted an extension of time in which to answer. He filed his answer within due time on 14 July 1960, admitting all the allegations of the complaint, and pleading a counterclaim against plaintiff for damages for breach of an alleged special warranty by plaintiff in respect to the germination of peas sold and delivered to him by plaintiff.

At the First October Regular Civil Term 1960 of Wake County superior court defendant filed a written motion to remove the case for trial to Union County on the ground that such removal would promote the convenience of witnesses and the ends of justice. Defendant supported his motion by an affidavit of one of his counsel setting out the pertinent facts. Plaintiff filed a counter affidavit. Judge Henry A. McKinnon, Jr., presiding at that term entered an order in his discretion allowing defendant's motion, and ordering the removal of the case from Wake County to Union County for trial.

On 22 February 1961 plaintiff filed a written motion in the superior court of Wake County to vacate its order of removal of the case to Union County for trial, on the ground that on 20 February 1961 a civil term of Union County superior court convened, which was the next civil term of that court after the order of removal was entered to which this case could reasonably be removed and docketed for trial, and that defendant had failed and neglected to have a transcript of the record of the case transmitted to the superior court of Union County. This motion came on to be heard before Judge Leo Carr presiding at the First April Regular Civil Term 1961 of Wake County superior court. Judge Carr, after finding the relevant facts, entered an order in his discretion denying plaintiff's motion and ordering that the record of the case be sent to the superior court of Union County for trial, as ordered by Judge McKinnon.

From this order plaintiff appeals.

*L. Bruce Gunter for plaintiff, appellant.*
*R. B. Templeton, Davis & Brown By Allen W. Brown for defendant, appellee.*

PARKER, J.   The superior court of North Carolina is one court having statewide jurisdiction. *Casstevens v. Wilkes Telephone Membership Corp.*, 254 N.C. 746, 120 S.E. 2d 94; *Lovegrove v. Lovegrove*, 237 N.C. 307, 74 S.E. 2d 723; *Rhyne v. Lipscombe*, 122 N.C. 650, 29 S.E. 57.

Defendant's motion for the removal of the case from Wake County superior court to the superior court of Union County for trial to promote the convenience of witnesses and the ends of justice, made pursuant to the provisions of G.S. 1-83, 2, presents a question of venue, not jurisdiction, is within the sound discretion of the trial judge, and is not subject to review except for manifest abuse of such discretion. *Howard v. Coach Co.*, 212 N.C. 201, 193 S.E. 138; McIntosh, N. C. Practice & Procedure, 2nd Ed., Vol. 1, p. 437.

Judge McKinnon in his discretion entered an order allowing defendant's motion for removal at the First October Regular Civil Term 1960 of Wake County superior court. However, the clerk of the superior court of Wake County failed to transmit the record of the case to the superior court of Union County as directed by G.S. 1-87, nor did the defendant have it transmitted. After a civil term of the superior court of Union County had convened next after the entering of Judge McKinnon's order of removal, plaintiff filed a written motion in the superior court of Wake County to vacate Judge McKinnon's order of removal.

This Court said in *Jones v. Brinson*, 238 N.C. 506, 78 S.E. 2d 334: "In the event the transcript of removal is not filed within the time limited by the court, or within a reasonable time after the order of removal is entered where no time for removal is fixed, the dormant jurisdiction of the court of original venue, on proper notice may be reactivated for exclusive control over the cause." To the same effect see *Fisher v. Mining Co.*, 105 N.C. 123, 10 S.E. 1055. In *Cline v. Manufacturing Co.*, 116 N.C. 837, 21 S.E. 791, the same rule of law is stated, though the judge there struck out the order of removal.

Whether or not the dormant jurisdiction of the superior court of Wake County should be reactivated and Judge McKinnon's order of removal stricken out was a matter within the sound discretion of Judge Carr. Judge Carr in his sound discretion denied plaintiff's motion to strike out Judge McKinnon's order of removal and his order is not subject to review as no manifest abuse of discretion on his part is shown or appears. In fact, plaintiff does not contend that Judge Carr abused his discretion.

The order of Judge Carr is
Affirmed.