LORENA CLARK PINER, ADMINISTRATRIX OF THE ESTATE OF PATRICK DEAN PINER, DECEASED PLAINTIFF v. RYDER TRUCK RENTALS, INC., AND SAV-A-STOP, INCORPORATED, THIRD-PARTY PLAINTIFFS v. ROBERT E. PRINCE, AND AUSBY E. PRINCE, THIRD-PARTY DEFENDANTS

No. 7112SC112

(Filed 31 March 1971)

**Venue § 8— motion to remove for convenience of witnesses — discretion of court**

A motion for change of venue for the convenience of the witnesses and to promote the ends of justice is addressed to the sound discretion of the trial judge, and his action thereon is not reviewable on appeal unless an abuse of discretion is shown.

APPEAL by original defendants, Ryder Truck Rentals, Inc., and Sav-A-Stop, Inc., from *Cooper, J.,* 26 October 1970 Civil Session of CUMBERLAND Superior Court.

*Clark, Clark & Shaw by Jerome B. Clark for plaintiff appellee.*

*Marshall, Williams, Gorham & Brawley by Lonnie B. Williams for defendant appellants.*

HEDRICK, Judge.

This is a civil action instituted by the plaintiff administratrix, Lorena Clark Piner, to recover compensation for the alleged wrongful death of Patrick Dean Piner which occurred as a result of an automobile accident in New Hanover County on 1 May 1969. The plaintiff, a resident of Cumberland County, and in which county the estate is being administered, filed a complaint in the Superior Court of Cumberland County, alleging that the negligence of the defendants, Ryder Truck Rentals, Inc., and Sav-A-Stop, Inc., proximately caused the death of her intestate. The defendants filed answer denying the material allegations of the complaint, and simultaneously filed a third-party complaint for contribution against Ausby E. Prince and Robert E. Prince, owner and operator, respectively, of an automobile in which the deceased was a passenger, alleging that their negligence was a concurring proximate cause of Patrick Dean Piner's death. At the same time, the original defendants filed a motion to remove the cause to New Hanover County " . . . on the grounds of convenience of witnesses and in the interest of

justice." On 26 October 1970, the trial judge held a hearing on the motion, at which time the original defendants presented affidavits in support of their motion. On 3 November 1970, the trial judge, by an order which states in pertinent part ". . . the court, in its discretion, having concluded that the ends of justice will not be promoted by a removal of the cause from the venue in which it was commenced. . . ", denied the motion. The original defendants appealed.

A motion for change of venue for the convenience of witnesses and to promote the ends of justice is addressed to the sound discretion of the trial judge, and his action thereon is not reviewable on appeal unless an abuse of discretion is shown. *Cooperative Exchange v. Trull*, 255 N.C. 202, 120 S.E. 2d 438 (1961) ; *Brendle v. Stafford*, 246 N.C. 218, 97 S.E. 2d 843 (1957) ; *Howard v. Coach Co.*, 212 N.C. 201, 193 S.E. 2d 138 (1937).

The appellants have failed to show any abuse of discretion in the judge's denial of their motion. The order of the trial judge is affirmed.

Affirmed.

Judges CAMPBELL and BRITT concur.