JAMES CALEB BASS v. EVY JEAN BASS

No. 7925DC112

(Filed 2 October 1979)

1. **Divorce and Alimony § 23.3— jurisdiction of child custody and support proceedings after divorce**

   Catawba County was the proper venue for child custody and support proceedings, although none of the parties are now residents of Catawba County, where plaintiff filed an action for divorce and for a determination of child custody and support in Catawba County; the divorce decree included provisions for child custody and support; and the court expressly retained jurisdiction of the child custody and support proceedings in the divorce decree.

2. **Venue § 1— waiver of objection to venue**

   Plaintiff waived any objection to venue in child support proceedings where he appeared and participated in a hearing on child support; he did not

object to the venue or move for change of venue; and he stipulated that the court could enter an order concerning his visitation privileges with the children.

APPEAL by plaintiff from *Tate, Judge.* Order entered 19 December 1978 in District Court, CATAWBA County. Heard in the Court of Apeals 18 September 1979.

In 1974 plaintiff began a lawsuit in Catawba County, seeking a judgment of absolute divorce and an adjudication of custody of the three minor children of the parties. Plaintiff alleged the defendant was a fit and proper person to have custody and requested the court to award custody to defendant by its judgment. Plaintiff agreed to pay $450 a month for support of the three children. Plaintiff alleged he was a citizen and resident of Catawba County when the suit was instituted.

Defendant, although served, did not answer and judgment was entered 21 February 1974 granting the divorce. The judgment further found defendant to be a fit and proper person to have custody of the children, awarded their custody to defendant until the further order of the court and ordered plaintiff to pay $450 per month as child support.

On 25 October 1976 defendant filed a motion in the cause requesting an increase in the child support payments by plaintiff. This motion was served on plaintiff. The district court on 27 June 1977 held a hearing on defendant's motion and entered order increasing the child support payments by $150 per month. During the hearing the parties stipulated the court could enter a "further Order with regard to plaintiff's right to visit with the minor children." Plaintiff made no objection to the 27 June 1977 hearing and did not move for change of venue.

On 18 October 1978 defendant filed motion alleging plaintiff had failed to comply with the prior support order of the court and requesting an increase in child support and that plaintiff be punished as for contempt.

Citation to plaintiff for contempt was issued 19 October 1978 and on 10 November 1978 plaintiff filed a motion for change of venue. In his motion plaintiff alleges that when he began the suit he was a citizen and resident of Catawba County and defendant a resident of Mecklenburg County. He alleges he now lives in For-

syth County, that there was a final judgment in the divorce action in 1974, that Catawba County is not the proper venue and that the case be moved to Forsyth County.

Defendant filed answer to plaintiff's motion and after hearing the motion on 16 November 1978, the court entered order finding facts and denying plaintiff's motion to change venue. Plaintiff appeals.

*Morrow, Fraser and Reavis, by John F. Morrow and N. Lawrence Hudspeth III, for plaintiff appellant.*

*Rudisill & Brackett, by J. Richardson Rudisill, Jr., for defendant appellee.*

MARTIN (Harry C.), Judge.

[1] Plaintiff argues the district court erred in denying his motion for change of venue. We find no merit in this assignment of error. Plaintiff began this litigation. He chose Catawba County as the forum although he could have elected to proceed in Mecklenburg County, the defendant and children living there at that time. N.C. Gen. Stat. 50-3 and 50-13.5(f). Plaintiff invoked the jurisdiction of the court to decide the question of custody of the children born of the marriage. It is true that a final judgment of absolute divorce was entered in the case in 1974, but the divorce decree was by no means a final judgment with respect to the custody and support of the children. The court expressly retained jurisdiction of the child custody and support proceedings in its divorce decree. N.C.G.S. 50-13.5(f) requires that when a divorce case is pending any motion for custody or support must be made in the divorce case. It does not prevent further custody and support hearings after the divorce is granted. The court in which the suit for divorce is pending has exclusive jurisdiction of proceedings for custody and child support, and once they are commenced, maintains it after the divorce decree is entered. *In re Custody of Sauls*, 270 N.C. 180, 154 S.E. 2d 327 (1967); *Murphy v. Murphy*, 261 N.C. 95, 134 S.E. 2d 148 (1964). Where custody or support has been brought to issue in a divorce case, there can be no final judgment in the case as to the custody and support issues, as they remain *in fieri* until the children are emancipated. *Kennedy v. Surratt*, 29 N.C. App. 404, 224 S.E. 2d 215 (1976). We hold

Catawba County is the proper venue for the custody and child support proceedings.

[2] It is elementary law that the residence of the parties at the time of the institution of the action is controlling, and venue is not affected by a subsequent change of residence of the parties. *Brendle v. Stafford*, 246 N.C. 218, 97 S.E. 2d 843 (1957). Venue may be waived by any party. *Teer Co. v. Hitchcock Corp.*, 235 N.C. 741, 71 S.E. 2d 54 (1952). Plaintiff voluntarily appeared and participated in the 27 June 1977 hearing on child support. He did not object to the venue or move for change of venue. He stipulated the court could enter an order concerning his visitation privileges with the children. If plaintiff had any objection to the venue, he waived it.

Because plaintiff waived any objection he may have had to the venue, his motion was addressed to the discretion of the court. Ordinarily, rulings as to venue made in the discretion of the court are not reviewable except for abuse of discretion. *Cooperative Exchange v. Trull*, 255 N.C. 202, 120 S.E. 2d 438 (1961). Plaintiff's appeal was subject to dismissal; however, in the absence of such a motion, we have considered it upon the merits.

In bringing this appeal to the appellate division, plaintiff has effectively postponed all proceedings in the case, including his citation for contempt, for eleven months so far. Meanwhile the question of what is proper support for his three children languishes without determination. The economic pressure thus brought to bear upon the children is unconscionable.

This case is a prime example why the method of appellate review should be studied and the use of review by petition for certiorari considered in certain cases to avoid unnecessary delay and expense. Had this case been presented to this Court by petition for certiorari, it could have been promptly decided within days after it was filed on 1 February 1979. The rights of the children could have been promptly protected and the waste of time and money for printing and filing of record and briefs prevented.

Affirmed.

Judges HEDRICK and CLARK concur.